HATTIE M. BACKUS *et al. vs.* FRANK BURKE, JR., *et al.*

Argued Nov. 28, 1892. Decided Dec. 29, 1892.

**New Trial if Facts Found are not Supported by the Proofs.**
Where a judgment is reversed in this court upon the ground that the findings of fact on which such judgment is based (be they one or more) are not justified by the evidence, a new trial must inevitably follow.

Appeal by plaintiffs, Hattie M. Backus and Louisa B. Smith, from an order of the District Court of St. Louis County, *Stearns,* J., made May 14, 1892, denying their motion for a new trial, and for leave to amend their complaint, and from the judgment entered May 18, 1892, in favor of defendants, and from an order made May 26, 1892, refusing to vacate and set aside the judgment.

The facts in this action are fully stated in the report of the former appeal, 48 Minn. 260, and to that statement reference is made. After the opinion was filed in the former appeal, the plaintiffs moved this court to amend its judgment of reversal, by directing the vacation of the findings of the trial court and ordering a new trial. This court denied the application without filing any opinion in explanation. After the case was sent down to the trial court for further proceedings, the plaintiffs there moved upon affidavits, for leave to file an amended complaint and for a new trial of the action. The amendment they asked leave to make was, to strike out the allegation that the land was vacant and unoccupied, and insert in its stead, that plaintiffs and their grantors had been by their tenants in

the actual possession of the land by consent of Sextus Hoffman's heirs, ever since the right of redemption expired in November, 1875; that the foreclosure being invalid, Bierman and his grantees, the plaintiffs, were mortgagees in possession, and that the time for the heirs of the mortgagor and their grantees to redeem had expired. The trial court declined to consider these motions on their merits or to exercise any discretion in the matter, and without making any new findings, directed judgment to be, entered for defendants as prayed in their answer, saying that he understood the action of this court on the former appeal to be a final disposition of the case on its merits.

Judgment was accordingly entered that the defendants were at the time of the commencement of the action the owners of the land and that the plaintiffs had no estate, right, title or interest therein. The plaintiffs moved the trial court on notice to vacate and set aside this judgment, which motion was denied. The plaintiffs appealed May 27, 1892, to this court from the orders, and from the judgment.

*White, Reynolds & Schmidt,* for appellants.

What was the effect of the reversal in this case on the former appeal? Had the trial court found facts upon which it could have directed judgment for the defendants, the effect of the reversal would have been, to render a new trial useless, and judgment would have been rendered by the court below for defendants. This is not, however, the case in this instance. This court held that on the proofs before the District Court it should have reached a different conclusion, and the effect of the reversal is, that the findings must be vacated and new findings made. How is this to be done? Upon the testimony taken before, or upon new testimony? Had the case been tried by a jury, no one would think for an instant that the case should be tried upon the old testimony; and what difference does it make that it was before a judge? In this particular instance the same judge is still on the bench and might make his decision, but this is a mere accident, and cases may frequently arise where the judge will be changed, and there will be nothing before the new judge from

which he can make a decision. Elliott, App. Proc. § 580; *Phelan* v. *Supervisors of San Francisco,* 9 Cal. 15; *Cox* v. *Pruitt,* 25 Ind. 90; *Stearns* v. *Aguirre,* 7 Cal. 443; *Ryan* v. *Tomlinson,* 39 Cal. 639.

In this case the only question before the court on the former appeal was the regularity of certain foreclosure proceedings. The trial court found these to be regular, and sustained the foreclosure. Over and beyond this, appellants believe that they can show that they were mortgagees in possession of the land by consent of the heirs of the mortgagor. They had no occasion to make that showing on the first trial, for if the foreclosure proceedings were regular, it made no difference whether the mortgagee went into possession or not. *Johnson* v. *Sandhoff,* 30 Minn. 197; *Rogers* v. *Benton,* 39 Minn. 39.

We think it certain from the authorities, that appellants were entitled to a new trial of the cause, and if so, it was competent for the court to allow them to amend their pleadings.

*Edson & Hanks, Cash & Williams* and *J. W. Bull,* for respondents.

This question is *res adjudicata.* Everything presented to the court below on these applications had already been presented to this court, and after a full hearing and consideration, decided adversely to the claims of plaintiffs.

The statute invests this court with jurisdiction to affirm, reverse or modify the judgment of the court below and in a proper case to grant a new trial. In the exercise of that jurisdiction this court, on the identical facts now before it, determined the question of granting a new trial against the plaintiffs, and such determination put an end to the question of a new trial. This concluded the court below and the parties to the suit, and the court below rightly so held.

The effect of a reversal in cases like this, is merely to send the case back for the rendition of a proper judgment. *Jordan* v. *Humphrey,* 32 Minn. 522; *National Invest. Co.* v. *National S. L. & B. Ass'n,* 49 Minn. 517.

COLLINS, J. This was an action to determine adverse claims to real property, and an opinion which disposed of an appeal by de-

fendants by reversing a judgment entered against them may be found reported in 48 Minn. 260, (51 N. W. Rep. 284.) It will be seen that both parties claimed title to the premises through one Hoffman, a former owner; the plaintiffs under a mortgage given by Hoffman to one Tischer, and by the latter foreclosed by advertisement, and the defendants under conveyances from the heirs of Hoffman, who had recently deceased. The only contention upon the trial was as to the validity of the foreclosure, and based upon the testimony, which was principally confined to the character and purpose of the assignment of the mortgage to the bank, the trial court made the following finding or conclusion of fact: "That the plaintiffs are the owners of the lands described in the complaint in fee-simple absolute, free from any interest in the defendants, or any of them, in or to any of said lands." Upon this finding judgment was ordered to be entered adjudging all of said lands to be the property of the plaintiffs, and determining all rights of defendants to the same. From a judgment in accordance with this order or conclusion of law defendants appealed, presenting a settled case, containing all of the testimony received and proceedings had on the trial. The main assignment of error was that on the evidence the court erred when finding as a fact that plaintiffs were the owners of the land, and this assignment was sustained in this court. It was practically held here that the finding should have been that defendants were such owners. To the testimony produced by defendants, wholly uncontradicted by plaintiffs, the trial court had but to apply the law, and in so doing it erred, (in our opinion,) the error being made manifest in the only finding of fact, which has been quoted. This finding we declared not only unsustained by the evidence, but directly opposed to what it should have been. For this reason the judgment was reversed, the inevitable result being that the finding was swept away, leaving the defendants without any finding of fact on which to base another judgment, as effectually as if the one reversed had rested upon a general verdict of a jury. In such a case a new trial would necessarily follow a reversal. Had the court below fully found the facts as they were shown to exist in respect to the claims of each party, and added a finding of the im-

port of the one heretofore declared not to have been justified by the proofs, a very different case would have been presented at this time, for upon the findings which were warranted, and therefore remained undisturbed by a simple reversal, defendants could have based a judgment in their favor. The finding, or conclusion of fact, as it really would be, last referred to, might be cut out and set aside as not justified, and there would still remain findings on which to rest a judgment exactly contrary to that appealed from. The only fact found being declared unsupported by the evidence, the effect of the reversal was not to send the case back for the rendition of a proper judgment upon facts already found, but to remand it for other findings, to be made of course upon a new trial. When a judgment is reversed in this court upon the ground that the findings of fact on which such judgment is based (be they one or more) are not justified by the evidence, a new trial must inevitably follow. This is in line with what has been said in *Jordan* v. *Humphrey*, 32 Minn. 522, (21 N. W. Rep. 713,) and *National Invest. Co.* v. *National S. L. & B. Ass'n*, 49 Minn. 517, (53 N. W. Rep. 546,) as to the effect of a simple reversal of a judgment.

Soon after the filing of our former opinion, the plaintiffs moved this court, on order to show cause, for an order directing a vacation of the single finding on which the reversed judgment was based, and that we direct a new trial. This was evidently done under a misapprehension of the effect of our decision, and, upon the hearing, the order to show cause was discharged. Thereupon the defendants moved in the court below for a finding that they were the owners of the land, and for an order that judgment be entered in their favor, while the plaintiffs moved for leave to amend their complaint, and for a new trial. Both motions were heard and disposed of at the same time, and the proceedings had here on the order to show cause were brought to the attention of the court below. The plaintiff's motion was denied, and that made by the defendants granted, solely upon the ground that the district court was concluded by the judgment of reversal and by the later proceedings on the order to show cause. It was held that by our action the case had been finally disposed of. Without further formal findings, judgment was then entered in de-

fendants' favor adjudging that they were the owners of the land in dispute in fee simple, and that plaintiffs, or either of them, had no estate, right, title, or interest therein. The present appeal is from the judgment as well as from the order denying plaintiffs' motion for leave to amend the complaint and for a new trial, As has appeared from what has heretofore been said the judgment was erroneously entered, for the effect of our decision was to grant a new trial on the original complaint, or an amended one, as the court below might deem advisable.

The misconception in respect to the effect of the reversal of the first judgment has probably arisen out of the fact that on the trial there was no conflict of testimony, and this has led counsel to overlook the other fact that, while findings on the evidence might have been made which, on reversal of the judgment, would have warranted another in defendants' favor, they were not.

The judgment appealed from, and that part of the order which denied plaintiffs a new trial, stand reversed.

(Opinion published 53 N. W. Rep. 1013.)