J. HARRIS COOL v. THOMAS H. KELLY.[1]

January 31, 1902.

Nos. 12,849—(175).

**Appeal—Finding not Sustained by Evidence—Effect of Reversal.**

The rule laid down in Backus v. Burke, 52 Minn. 109, as to the effect of a reversal of a judgment upon the ground that a finding of fact upon which such judgment is based is not sustained by the evidence, applied in the case at bar. *Held*, that the effect of the reversal of a former judgment (78 Minn. 102) was to grant a new trial.

Appeal by defendant from a judgment of the district court for Steele county, entered pursuant to the findings and order of Buckham, J. Reversed.

*H. E. Johnson, Wheelock & Sperry* and *Robert Taylor*, for appellant.

*Sawyer & Sperry* and *Harlan E. Leach*, for respondent.

COLLINS, J.

Action in ejectment to recover possession of one hundred sixty acres of land under claim of ownership in fee.

An appeal was taken from a former judgment of the district court, whereby it was decreed that plaintiff was the owner and entitled to possession of the entire tract. This court held that as to thirty-three acres, specifically described in the answer, the vital finding of fact was not supported by the evidence, and reversed the judgment, without special directions as to future proceedings. 78 Minn. 102, 80 N. W. 861. The discredited finding of fact absolutely disposed of a defense (alleged in the answer) of title in defendant by adverse possession for the statutory period of more than fifteen years in open and notorious hostility to the present plaintiff and his grantor, who held the original paper title. This finding, recited in the former opinion, contained and detailed the various acts of defendant, from which it appeared that prior to 1882 he entered upon, broke, and plowed up four acres of the one hundred sixty, and each year thereafter continued to use and cultivate the same

[1] Reported in 88 N. W. 988.

in connection with his own plowed land adjoining, and fenced and exclusively occupied twenty-nine acres of pasture land adjoining the four acres. It included a finding that defendant was not at any time prior to May, 1889, in possession of the thirty-three acres in hostility to the true owner, or with intent to claim adversely.

Some four or five months after the case was remanded, the plaintiff moved the court below for judgment in his favor as to one hundred twenty-seven acres of the quarter section in dispute. As to the thirty-three acres described in the answer, the plaintiff formally abandoned all claim when making the motion. At the same time defendant's counsel moved for leave to file an amended answer setting forth facts constituting a defense in part under the occupying claimant's law. G. S. 1894, § 5849. This they had attempted to do in the original answer, but at the trial the court held the allegations insufficient, and sustained an objection made to the introduction of any testimony tending to support the allegations. Both motions were denied,—the plaintiff's, because the findings remaining undisturbed by the decision of this court when reversing the former judgment were not sufficient to warrant the judgment demanded; the defendant's, on the ground that a simple reversal of the former judgment did not of itself grant a new trial, or render one necessary.

The plaintiff then moved to amend the findings of fact by inserting therein a specific description of the thirty-three acres, and excepting the same from the general description of the one hundred sixty, while defendant moved for a new trial and for leave to file the amended answer if a new trial was granted. Both motions were heard together, the court granting that made by the plaintiff, but denying that made by defendant. Later plaintiff's counsel moved for amended conclusions of law conforming to the newly-found fact, and for an order for judgment in plaintiff's favor adjudging that he was the owner in fee and entitled to the possession of the one hundred twenty-seven acres; that is, to the entire quarter section except the thirty-three acres. This motion was granted, and judgment was thereupon entered. Defendant appealed, and the case is again before us.

The judgment will have to be reversed. The reversal upon the

first appeal was distinctly placed upon the ground that the vital finding of fact was unsupported by the evidence. No findings remained upon which that judgment could be based, or which warranted the entry of another judgment for any part of the one hundred sixty acres. In Backus v. Burke, 52 Minn. 109, 53 N. W. 1013, it was held that, where a judgment is reversed in this court upon the ground that the findings of fact on which such judgment is based (be they one or more) are not justified by the evidence, a new trial must inevitably follow. The rule laid down in that case is conclusive in this. Here the finding of fact upon which the judgment was based was declared to be unsupported by the evidence, and the inevitable result of the decision was a new trial. There is nothing at all in the cases cited for plaintiff which modifies or conflicts with what was decided in the Backus case.

It has been held, as stated by counsel, that the effect of a simple reversal of a judgment depends upon the ground upon which the reversal is based, as expressed in the opinion of the court, and that, in the absence of any formal direction, the opinion of the court is to be consulted for the purpose of determining the effect of such reversal. A judgment of reversal will have the least effect consistent with the opinion and the grounds upon which the reversal is put. National Inv. Co. v. National S., L. & B. Assn., 51 Minn. 198, 53 N. W. 546; Jordan v. Humphrey, 32 Minn. 522, 21 N. W. 713. And also that, where a judgment is reversed on appeal, and the case remanded to the court below without instructions, that court has control thereof, and can proceed in any way within its powers, not inconsistent with the decision of this court; and, if there are findings of fact remaining undisturbed after the appeal sufficient to warrant judgment in favor of either party, such party is entitled to such judgment, unless the trial court, in the exercise of its discretion, and upon due application made, grants a new trial; and that such reversal does not of itself grant a new trial. Babcock v. Murray, 61 Minn. 408, 63 N. W. 1076; Kurtz v. St. Paul & D. R. Co., 65 Minn. 60, 67 N. W. 808. These cases do not conflict with Backus v. Burke, supra, for in neither did this court pass upon the effect of a reversal of a judgment upon the ground that the fundamental finding of fact was unsupported by the evidence.

The fallacy of the contention of plaintiff's counsel that, by waiving all right to the thirty-three acres, they could prevent a new trial of the case, is apparent when we point out the fact that, if this claim should be sustained, the defendant's right to a new trial under the circumstances would be made to depend entirely upon the caprice of his adversary's counsel. If they chose to renounce and release all claim to a part of the land involved, a new trial could not be had. If they failed or refused to do this, the defendant might be entitled thereto. A rule which places the right to a new trial under the arbitrary control of either party cannot be sound. When the former judgment was reversed, a new trial followed as a matter of course, and all steps taken in the court below subsequent to the remittitur were of no avail.

While not necessary for a decision of this case, we call attention to the fact that the amendment allowed by the court below was nothing but a description of the thirty-three acres by metes and bounds. It merely added a specific description to the general one, and in no manner changed the finding in matters of substance. There was no amendment to that part of 'the finding in which the fact was found that at no time prior to 1889 had the defendant's possession of any part of the one hundred sixty acres been in hostility to the owner thereof, or with intent to assert title. The amendment was insufficient. It is obvious that it did not alter the legal effect of the finding, and for that reason, if there were no other, the judgment would have to be reversed.

It follows that the other question argued by counsel as to the refusal of the court below to allow the proposed amended answer is not before us for review at this time. A new trial being the defendant's right, the court below may not hesitate to allow the amendment, a new application being made. With reference to such an application we simply call attention to the fact that amendments of pleadings should be allowed with liberality where justice can be promoted, especially where a meritorious defense, such as a demand under the occupying claimant's act,—a remedial statute,—is attempted to be interposed by a defendant in possession as against an owner of the land who has failed to pay

taxes, and has for years practically abandoned all claim to the property.

Judgment reversed, and the cause remanded, with directions to the court below to proceed in accordance herewith.