## IZZIE H. W. LAWTON v. LUELLA HERRICK FISKE.[1]

May 21, 1915.

Nos. 19,199—(125).

**Appeal and error — when new trial follows without specific directions.**

1. Where, on appeal from a judgment, based upon findings of fact and conclusions of law, the judgment is reversed upon the ground that the findings of fact are not sustained by the evidence, and new or additional findings are necessary to support any judgment subsequently to be rendered, a new trial follows as of course where the reversal is without specific directions as to further proceedings in the court below.

**Jurisdiction of supreme court to make findings of fact.**

2. The supreme court is without authority to make findings of fact in causes presented on appeal from the trial court, or to direct the trial court to find a particular fact, except perhaps where the evidence is conclusive upon the question.

**Construction of mandate.**

3. A reversal of a judgment upon the ground that the findings of the trial court are not sustained by the evidence is not to be understood as a direction to the trial court to change its findings without a further trial of the action.

After the decision upon the former appeal reported in 124 Minn. 85, 144 N. W. 455, Luella Herrick Fiske moved to amend the find-

1 Reported in 152 N. W. 774.

ings of fact and conclusions of law to conform to the decision of the supreme court therein, on the ground that no new trial was ordered by the supreme court and that none was necessary as all questions of law and fact were decided by the supreme court adversely to the contention of Izzie H. W. Lawton and the administrator of the estate, and nothing further needed be done but to make such findings conform to the decision of the supreme court and enter judgment thereon. The motion was heard and granted by Leary, J., who made findings and ordered judgment affirming the decree of distribution made by the probate court. From an order denying her motion to vacate the preceding order or for a new trial, Izzie H. W. Lawton appealed. Reversed.

*William P.* and *Horace W. Roberts,* for appellant.
*Ralph T. Boardman,* for respondent.

BROWN, C. J.

This cause was before the court on a former appeal, 124 Minn. 85, 144 N. W. 455. That was an appeal from a judgment based upon findings of fact and conclusions of law, and there was a reversal of the judgment without specific directions as to further proceedings in the court below. The sole issue on the trial was whether respondent was entitled to share in the estate of Mrs. Herrick as the heir of her mother who was either the adopted daughter of Mrs. Herrick, or was taken into the Herrick family when a child under an agreement of adoption. The trial court found as facts that there was no adoption and no agreement of adoption, and judgment was ordered to the effect that respondent was not entitled to a share of the estate. The facts are fully stated in the former opinion and need not here be repeated. When the cause was remanded to the trial court appellant demanded as of right a new trial. The court held that a new trial did not necessarily follow from the reversal of the judgment, and proceeded without a retrial to make new findings of fact and conclusions of law corresponding to what the court understood to be the opinion of this court upon the facts of the case. Thereafter appellant formally moved for a new trial both upon the ground that a new trial followed from the reversal, and the further ground of newly

discovered evidence. The court denied the motion and from the order so denying it this appeal was taken.

The order must be reversed. It is settled in this state that where, on appeal from a judgment based upon findings of fact and conclusions of law, the judgment is reversed on the ground that the findings of fact are not sustained by the evidence, and new or additional findings are necessary to support any judgment subsequently to be rendered, a new trial follows as of course where the reversal of the judgment is without specific directions as to further proceedings in the trial court. Backus v. Burke, 52 Minn. 109, 53 N. W. 1013; Cool v. Kelly, 85 Minn. 359, 88 N. W. 988; State v. Ames, 93 Minn. 187, 100 N. W. 889. In the case at bar the findings of the trial court were in effect held not sustained by the evidence. Though it was not expressly so stated such was the necessary result. New findings were therefore necessary to support a new judgment, and, since no directions were given as to further proceedings below, a new trial follows as of course. Kurtz v. St. Paul & Duluth Ry. Co. 65 Minn. 60, 67 N. W. 808, and Babcock v. Murray, 61 Minn. 408, 63 N. W. 1076, cited by respondent in support of the position taken by the trial court, are not in point. The reversal in each of those cases left undisturbed findings sufficient upon which to found a judgment, and a new trial was unnecessary. In the case at bar none of the findings were left undisturbed. All were held not sustained by the evidence. The situation is in no way changed by the fact that the trial court in its memorandum attached to the original findings expressed the view that the court was without jurisdiction to determine the equitable issues presented, the cause having been brought to that court by appeal from the probate court, for following the discussion of that question the court said that in any event the evidence was not sufficient to establish the contract of adoption by the rule of proof required in this state. So that the trial court proceeded upon both grounds: (1) That there was no jurisdiction to determine the issue; and (2) that the evidence was insufficient to justify a finding in favor of the alleged adoption. This court disagreed with both conclusions. A decision of this court that the findings of the trial court are not sustained by the evidence should not be taken as an implied direction

to the trial court to change its findings without a further hearing below. In fact this court can neither make nor direct the trial court to make specific findings of fact, except perhaps when the evidence thereon is conclusive. Dwinnell v. Minneapolis F. & M. M. Ins. Co. 97 Minn. 340, 106 N. W. 312; 1 Dunnell, Minn. Dig. § 434. Such a reversal, in the absence of specific directions, and where new or additional findings must be made, has no greater force or effect than the reversal of a judgment on the ground that the verdict of the jury, upon which it was founded, is not sustained by the evidence. In such case there must be a new trial.

Order reversed.