## HALVOR HALVORSON v. MAGGIE HALVORSON.[1]

May 19, 1916.

Nos. 19,627—(44).

**Complaint sufficient.**

1. Complaint *held* to state a cause of action for wrongfully obstructing the natural flow of surface water.

**Obstruction to surface water — judgment not sustained by findings.**

2. Plaintiff entered upon defendant's land and enlarged a natural depression which was the natural outlet for surface water from his own land, and defendant thereafter filled up such outlet, "practically level with the ground on the sides thereof." The findings of fact fail to show to what extent, if any, defendant filled the outlet above its height when in its natural condition, and do not justify a judgment requiring her to remove all the filling placed in such outlet.

Action in the district court for Brown county to recover $500 and to restrain defendant from obstructing the natural flow of surface water. The case was tried before Olsen, J., who when plaintiff rested denied defendant's motion to dismiss the action, made findings and ordered judgment restraining defendant from obstructing the flow of water and in favor of plaintiff for $24 damages. From an order denying her motion to amend the conclusions of law and order for judgment or for a new trial, defendant appealed. Reversed.

*Aug. G. Erickson* and *Somsen, Dempsey & Mueller,* for appellant.

*Pfaender & Flor,* for respondent.

TAYLOR, C.

The parties are adjoining landowners; and plaintiff brought this action to enjoin defendant from obstructing the flow of surface water from his land upon her land, and to compel her to remove an artificial

[1]Reported in 157 N. W. 1001.

Note.—On the right of owner of lower tenement as against the rights of the upper landowner to obstruct surface water in a natural drainage channel see note in 22 L.R.A.(N.S.) 789.

embankment which he alleged prevented such water from flowing in its natural course. The trial court made findings of fact and conclusions of law, and directed the entry of judgment commanding defendant to remove the obstruction. Defendant made a motion, in the alternative, for amended findings or for a new trial. This motion was denied and she appealed from the order denying it.

1. Defendant contends that the complaint does not state a cause of action for obstructing the flow of surface water, but for obstructing a natural watercourse; and that plaintiff is not entitled to recover for the reason that there is no natural watercourse at the place of the obstruction. We are unable to sustain this contention. Among other things, the complaint alleges, in effect, that at the time of heavy rains large quantities of surface water collect upon the plaintiff's land; that, if unobstructed, such surface water flows from plaintiff's land through a depression and natural watercourse across defendant's land into a lake; and that defendant, by constructing an embankment across such depression and watercourse, has wrongfully prevented such surface water from flowing off plaintiff's land. The complaint throughout shows that all the damage complained of is caused by surface water, and that the relief sought is the removal of obstructions which prevent such surface water from flowing through its natural outlet. It was not necessary for plaintiff to establish the existence of a technical watercourse having a definite channel and banks in order to maintain such action.

2. The trial court, after finding that a "natural swale or depression" extending from plaintiff's land across defendant's land was the natural outlet for overflow waters from certain sloughs upon plaintiff's land, and that plaintiff from time to time had entered upon defendant's land and cleaned out and enlarged such outlet, and that defendant in plowing and otherwise had caused soil and obstructions to be deposited therein, further found: "That in June, 1914, the plaintiff entered upon the defendant's land and cleaned out said outlet for a distance of some 100 feet immediately south of the dividing line. That immediately thereafter the defendant caused said outlet to be filled up for a distance of about twenty feet immediately south of the dividing line between the farms, being upon her own land. That such filling was about 20 inches deep and filled up said outlet practically level with the ground on the

sides thereof." The court states that he does not find that plaintiff had any right by prescription or otherwise to enter upon defendant's land or to maintain any artificial drain thereon.

As a conclusion of law the court found and directed: "That the defendant be enjoined and restrained from maintaining the filling and obstruction placed by her in the water outlet from plaintiff's land, on her own land, in June, 1914, and be required to remove the same."

The so-called outlet was in no sense a creek or stream, but merely a depression through which surface water from melting snow and heavy rains made its escape. The court required defendant to remove the entire embankment which she had placed in this outlet in June, 1914. This was error. It does not appear from the findings that plaintiff had any right to enter upon defendant's land and enlarge the outlet through which his surface water escaped, consequently defendant had the right to fill up any excavation made by him on her land and to restore her land to its natural condition. Plaintiff had enlarged the outlet, but to what extent does not appear; defendant was entitled to fill it to the same height it had been when in its natural condition. There is no finding, at least no express finding, that she filled it beyond that height. Unless she did, this action cannot be maintained against her. There is a finding that she filled the outlet "practically level with the ground on the sides thereof," but there is no finding that such was not its natural condition before plaintiff interfered with it. The findings must be sufficient in themselves to warrant the judgment directed. 3 Dunnell, Minn. Dig. §9857. The findings contained in the record do not show to what extent, if at all, defendant has filled the outlet above its height when in its natural condition, and do not justify the judgment ordered. The order appealed from is reversed; but the case will be remanded without prejudice to the right of either party to apply to the trial court for further findings upon the evidence already taken and such further evidence as may be presented with leave of court.