# MICHAEL O'ROURKE v. FELIX JAMES O'ROURKE AND OTHERS.[1]

July 7, 1916.

Nos. 19,867—(234).

**Appeal and error — denial of new trial reversed — order construed.**

> Where this court, in its decision on an appeal from an order deny-ing a new trial, reverses the order appealed from, without expressly saying that a new trial is granted, and without limiting the issues to be retried, the necessary effect of such reversal is to grant a new trial of all the issues, and the opinion cannot be resorted to in order to establish the claim that it was intended to grant a new trial only as to certain issues.

After the decision in the former appeal reported in 130 Minn. 292, 153 N. W. 607, the case was tried before Converse, J., who granted the motion of defendants to dismiss the action on the ground that plaintiff had failed to establish any cause of action against them. From the order denying his motion for a new trial, plaintiff appealed. Affirmed.

*T. P. McNamara* and *A. E Horn,* for appellant.

*S. J. & S. D. Donnelly, D. E. Dwyer* and *Thomas D. O'Brien,* for respondents.

BUNN, J.

After our decision reversing an order denying a new trial, reported in 130 Minn. 292, 153 N. W. 607, this case came on for trial in the court below. Plaintiff rested without offering any evidence. Defendants moved to dismiss, and the court granted this motion. Plaintiff afterwards moved for a new trial, the motion was denied, and plaintiff appealed.

The question is as to the effect of the reversal on the former appeal.

[1] Reported in 158 N. W. 704.

Note.—On the general question of power to limit the issues in granting new trial, see note in L.R.A. 1915E, 239.

That appeal was from an order denying a new trial, and the judgment of this court was simply that the order was reversed. This court did not in express terms grant a new trial of all the issues, nor did it limit the new trial to any particular issue or issues, as it might have done. Plaintiff's position is that the same rule is applicable as in the case of a simple reversal of a judgment, without directions, that is, that the reversal has the least effect which is consistent with the opinion and the grounds upon which the reversal is put, and does not grant a new trial unless that is the necessary effect of such reversal and the ground upon which it is put. Babcock v. Murray, 61 Minn. 408, 63 N. W. 1076; Kurtz v. St. Paul & Duluth R. Co. 65 Minn. 60, 67 N. W. 808; Cool v. Kelly, 85 Minn. 359, 88 N. W. 988.

Plaintiff follows this argument with the claim that looking to the former opinion to discover the grounds upon which the reversal was put discloses but one issue upon which this court held the trial court in error, to-wit, the failure to "listen to" the equities which the defendant might have. If the necessary effect of the reversal was not to grant a new trial of all the issues, and if the opinion discloses that the court only intended to grant a new trial of the single issue stated, the conclusion contended for would inevitably follow, the findings on the issue of delivery would stand, and it was error to dismiss the case.

But we are unable to sustain the first contention of plaintiff. There is a vital difference between the reversal of a judgment and the reversal of an order denying a new trial. In the former case a simple reversal without directions leaves it in doubt as to what the future proceedings shall be, and resort must be had to the opinion to see whether a new trial of all or a part of the issues was intended, or what the effect of the reversal was. But there is no room for doubt when an order denying a new trial is reversed. It adds nothing to the words "order reversed" in such a case to add "and new trial granted." The simple "reversal" necessarily grants what the order appealed from refused, and there is no occasion to resort to the opinion to determine what was intended. We notice plaintiff's statement that our decisions make no distinction in this respect between the reversal of a judgment and the reversal of an order refusing a new trial. Minnesota L. & I. Co. v. Munch, 118 Minn. 340, 136 N. W. 1026, is relied on to support this statement, but it does not. The court

said in that case that, where a judgment or order is simply reversed, the court may make such disposition of the case as may be deemed proper and is consistent with the decision, which becomes the law of the case. This cannot be construed as holding or intimating that the simple reversal of an order denying a new trial does not necessarily grant a new trial of all the issues. Plaintiff also relies on the statute providing that upon an appeal form a judgment or order, the appellate court may reverse, affirm or modify the judgment or order appealed from in the respect mentioned in the notice of appeal, and as to any or all of the parties, and, if necessary or proper, may order a new trial. G. S. 1913, § 7997. We do not see the force of the argument based on this statute. It gives the court power in any case, whether the appeal is from a judgment or an order, to order a new trial. There is no doubt as to that power, or that the appellate court may, in a proper case, order a new trial of a particular issue, leaving the findings on other issues to stand. But where the appeal is simply from an order denying a new trial, and this court does not limit the issues to be retried, a simple reversal operates to grant a new trial of all the issues. Minneapolis Mill Co. v. Minneapolis & St. L. Ry. Co. 58 Minn. 512, 60 N. W. 341. We regard this case as in point and decisive, nothwithstanding the direction of the court on the former appeal in that case was that "the order appealed from must be reversed and a new trial granted." As we have already said, the addition of the words "new trial granted" adds nothing to the words "order reversed," when the order referred to is simply one denying a new trial.

It follows that there is no occasion to look to the opinion to discover what the effect of the reversal was. The fact that we did not limit the new trial to the issue of "the equities of Felix," as we had the power to do, was not an oversight.

Order affirmed.

Schaller, J., took no part.