JOHN M. REES v. WILLIAM M. NASH.[1]

April 17, 1919.

No. 21,325.

**Election — dismissal of contest — violation of Corrupt Practices Act.**
1. The basis of this election contest is the violation of the Corrupt Practices Act. At the close of the testimony offered by contestant the court made findings and ordered judgment of dismissal on the ground that contestant had failed to prove the allegations of the petition. Evidence considered and *held* to justify the findings and order of the court.

**Order not appealable.**
2. An order denying a motion to amend the trial court's findings and conclusions of law, is not appealable.

From the action of the canvassing board in declaring William M. Nash, contestee, elected to the office of county attorney of Hennepin county at the general 1918 election, John M. Rees, contestant, appealed to the district court for that county, because of violation of the Corrupt Practices Act by the contestee and his personal campaign committee in the matter of expenditures for the election and in failing to file, in accordance with law, a statement of such expenditures. The matter was heard before Johnson, J., of the First judicial district, acting at the request of the judges of the district court for the Fourth judicial district, who made findings and dismissed the contest on the merits. Contestant's motion to amend the findings was denied. From the order denying his

[1]Reported in 171 N. W. 781.

motion and from the judgment entered pursuant to the order for judgment, contestant appealed. Affirmed.

*A. C. Finney,* for appellant.

*Brady, Robertson & Bonner,* for respondent.

QUINN, J.

Contestant filed a petition with the district court to contest and set aside the election of the contestee to the office of county attorney of Hennepin county, at the general election in November, 1918. The cause was heard on January 2, 1919. At the close of the testimony offered by the contestant the contestee rested without offering any evidence. The matter was then submitted and the court made findings and ordered judgment of dismissal, upon the ground that the contestant had failed to prove the allegations of the petition. Judgment was entered, and on January 25 contestant moved for amended findings, which were refused. A case was settled and contestant perfected two appeals, one from the order denying the motion for amended findings, and the other from the judgment.

The basis for contest is the alleged violation of chapter 3, p. 23, of the Laws of 1912 (special session), known as the Corrupt Practices Act. The office pays a salary of $5,000 per year, and the maximum which a candidate may lawfully expend is the sum of $1,666.67.

The charges in the petition are, that the contestee and his personal committee made disbursements during the campaign in excess of the amount allowed by law; that contestee and his personal committee failed to make and file statements showing such disbursements, or of the moneys, property or other things of value received for the purpose of his election, or the source from which received, as required by law. There is no claim that the moneys were expended for illegal purposes or in an illegal manner, other than the sending out of the letter, Exhibit H, to the judges of election.

At the election held November 5, 1918, the contestant received 23,618 votes, and the contestee 32,905, for county attorney. The contestee was declared elected and a certificate issued to him to that effect.

The testimony is undisputed, that during the campaign contestee's brother organized a voluntary committee which raised money and as-

sisted the candidacy of contestee during the campaign; that the personnel of that committee was entirely unknown to contestee and that he had no knowledge of the amount of work or money which such committee expended in his behalf, or the sources from which the same was derived.

The trial court found as matters of fact, that during the campaign contestee incurred obligations and made disbursements amounting in the aggregate to the sum of $396.92, and that he incurred obligations for further disbursements for like purposes aggregating the sum of $756; that he duly made and filed monthly statements under oath of his disbursements paid and incurred. About these matters there is no dispute in the testimony.

With reference to the item of $756 referred to, contestee testified, upon cross-examination, that he did not have to do therewith personally; that it was incurred and paid by the voluntary committee and that he learned about the same from his brother after it had been incurred and paid, and accordingly included it in his statement of disbursements. This testimony stands undisputed.

There was testimony offered upon the trial as to disbursements other than above referred to, but it conclusively appears from the testimony that the same were incurred by the voluntary committee mentioned, of which the contestee had no knowledge and for which he was not responsible. The conclusions of the trial court that the testimony failed to substantiate the allegations of the petition were correct. We find nothing in the letter, Exhibit H, mailed by the contestee, which amounts to a violation of the statute. The order denying contestee's motion for amended findings is not appealable. Lamprey v. St. Paul & Chicago Ry. Co. 86 Minn. 509, 91 N. W. 29, and cases cited. Nikannis Co. v. City of Duluth, 108 Minn. 83, 121 N. W. 212.

The appeal from the order denying amended findings is dismissed and the judgment appealed from is affirmed. .