# ELIZABETH A. NASH v. LEDIA D. KIRSCHOFF AND ANOTHER.[1]

January 9, 1925.

No. 24,385.

**Motion to amend findings not appealable.**
1. A motion to amend findings is not appealable though it was coupled with a motion for a new trial.

**What issues tried when denial of new trial is reversed on appeal.**
2. When an order denying a new trial is reversed without directions, either party has a right to insist upon a retrial of all the issues. When reversed with directions, the district court should dispose of the case in accordance with the holding of this court expressed in its opinion, without putting the parties to the expense of a retrial of all the issues if it can be avoided.

**Effect of reversal of judgment when findings are unsupported by evidence.**
3. A retrial of all the issues is the inevitable result of the reversal of a judgment on the ground that the findings on which it is based are not justified by the evidence, or of the reversal without directions of an order denying a motion for a new trial.

After the former appeal defendants' motion for amended findings was granted by Salmon, J. From the judgment entered on the amended findings, plaintiff appealed. Reversed.

*William B. McIntyre,* for appellant.
*Ernest Malmberg* and *Thomas Kneeland,* for respondents.

LEES, C.

This case was brought here before by defendants' appeal from an order denying their motion for a new trial. 157 Minn. 418, 196 N. W. 488, and the order was reversed. A motion for amended findings, coupled with a motion for a new trial, had been made and the appeal was from the orders of the district court denying both motions.

[1]Reported in 201 N. W. 617.

When the case came back to the district court, defendants renewed their motion for amended findings. The motion was granted, judgment on the amended findings was entered, and plaintiff has appealed from the judgment.

1. At the outset, repeating what has often been said before, we call attention to the rule that an order denying a motion to amend findings is not appealable, whether it is accompanied by a motion for a new trial or not. City of Minneapolis v. Minneapolis St. Ry. Co. 115 Minn. 514, 133 N. W. 80; Desaman v. Butler Bros. 118 Minn. 198, 206, 136 N. W. 747, Ann. Cas. 1913E, 642; Rees v. Nash, 142 Minn. 260, 171 N. W. 781. We do this in the hope that it will remove an apparent misapprehension by some members of the bar as to the appealability of orders made in response to motions for amended findings.

2. Defendants' position is best stated in the language of their counsel, which we take from their brief. They say:

"The court below filed a decision on the merits * * * Its conclusions were not sustained by its findings of fact and opposite conclusions should have been found therein to the effect that plaintiff take nothing by the action. Defendants moved for * * * such opposite conclusions and * * * in the alternative for an order granting a new trial * * * Defendants * * * asked that the * * * finding * * * that the deed from Asp to Fred W. Nash was not delivered to Ledia D. Kirschoff be stricken * * * and for a substituted finding to the contrary.

"In its decision the Supreme Court held that said * * * finding * * * was erroneous * * * that the evidence called for a finding that such deed was delivered to said Ledia D. Kirschoff * * * thereby reversing the order * * * denying defendants' motion to amend. * * * This constituted an approval of defendants' motion and authority of the court below to make findings and enter judgment in accordance therewith. * * * Pursuant thereto, upon the remanding of the case * * * that court ordered an amendment of the findings and conclusions."

They add that this court has decided every issue adversely to plaintiff; that there is nothing left to be tried; that another trial could have but one result and that the law does not require parties to do vain and futile things. This line of argument would be unanswerable if the major premise on which it is based were not contrary to the facts. All this court decided when the case was here before was that the trial court erred in denying defendants' motion for a new trial. We pointed out the error which necessitated a new trial, intimated that possibly the deeds in question were made to deprive plaintiff of her marital rights in her husband's property, and added that if there was a scheme to accomplish that result, it could not be shown without pleading the facts constituting the fraud. We did not hold that there was no possibility of recovery and did not direct the trial court to amend its findings or conclusions of law.

In reversing a judgment or order denying a new trial, we sometimes direct the trial court to make proper findings, as in Hunt v. Meeker Co. Abstract Co. 135 Minn. 134, 160 N. W. 496. When a finding should be amended as a matter of law, the amendment will be directed, and, where a fact not found is conclusively established, we will assume it to be as proved. Breen v. Cameron, 132 Minn. 357, 157 N. W. 500. Morrison County L. Co. v. Duclos, 138 Minn. 20, 163 N. W. 734, was remanded for a new trial or for such amendments of the findings and order for judgment as the court below might direct; and Halvorson v. Halvorson, 133 Minn. 78, 157 N. W. 1001, with leave to either party to apply to the trial court for further findings on the evidence already taken and such additional evidence as might be presented by leave of the trial court. Frequently, in granting a new trial, we remand the case for further proceedings in accordance with the conclusions expressed in the opinion. When this is done, the district court should not retry all the issues, if it can otherwise dispose of them in accordance with the holding of this court expressed in its opinion. In short, neither an appellate nor a trial court should put the parties to the trouble and expense of a retrial of all the issues, if it is possible to avoid it.

With these rules in mind, we turn to First Nat. Bank v. Towle,

118 Minn. 514, 137 N. W. 291, upon which defendants greatly rely. After stating the rule that an order denying a motion to amend findings is not appealable, the court said that "it does not necessarily follow, however, that an order denying a motion to make findings when none whatever have been made, or to make specific findings where none such have been made, is not appealable." Here, there were specific findings covering all the issues made by the pleadings, and hence the case is not directly in point.

Defendants also rely on Kurtz v. St. P. & D. R. Co. 65 Minn. 60, 67 N. W. 808, and Nat. Elev. Co. v. G. N. Ry. Co. 140 Minn. 382, 168 N. W. 134. These cases involved appeals from judgments. The established rule is that the reversal of a judgment does not necessarily lead to a new trial, but, in the absence of specific directions, leaves the court below free to proceed in any manner not inconsistent with the opinion of this court. The rule is not the same when an order denying a new trial is reversed without directions to the trial court. The inevitable result of such an order or of the reversal of a judgment on the ground that the findings on which it is based are not justified by the evidence, is a retrial of all the issues. Backus v. Burke, 52 Minn. 109, 53 N. W. 1013; Cool v. Kelly, 85 Minn. 359, 88 N. W. 988; O'Rourke v. O'Rourke, 134 Minn. 5, 158 N. W. 704.

The case last cited is decisive and leaves no room for doubt as to the result of the reversal of the order on the previous appeal. The court intentionally reversed without direction, being of the opinion that, by an amendment of the pleadings, an issue not raised by the original pleadings, but probably in the case, might be litigated if the trial court saw fit to allow an amendment.

The judgment is reversed and a new trial granted.