# LOUIS F. DOW COMPANY v. HERMAN BITTNER AND OTHERS.[1]

March 11, 1932.

No. 28,941.

*Julian E. Morten,* for appellants.

*A. R. English* and *Clarence J. Donnelly,* for respondent.

DIBELL, J.

In an action for the recovery of money the defendants moved the trial court to amend the findings of fact and conclusions of law by adding a clause to one finding, by striking out one paragraph and inserting another in lieu of it, and by striking out a paragraph of the conclusions of law allowing the costs and disbursements attendant upon a recovery. Their motion was denied. They appeal from the order denying it. There was no motion for a new trial. The plaintiff moves to dismiss the appeal.

It has been our consistent holding that an order denying a motion to amend findings by adding to or changing or striking out is not appealable, whether made alone or in connection with a motion for a new trial, or in the alternative for the amendment or a new trial. The order on the accompanying motion for a new trial is appealable.

[1]Reported in 241 N. W. 569.

In Nash v. Kirschoff, 161 Minn. 409, 410, 201 N. W. 617, the rule was restated by Judge Lees with the express purpose of removing "misapprehension * * * as to the appealability of orders made in response to motions for amended findings." The law was stated as we have stated it above. That case was followed in Taylor v. C. G. W. R. Co. 163 Minn. 46, 203 N. W. 434; State ex rel. Stone v. Probst, 165 Minn. 361, 206 N. W. 642; and Hoyt v. Kittson County State Bank, 180 Minn. 93, 230 N. W. 269.

The statute determines what orders are appealable. G. S. 1923 (2 Mason, 1927) § 9498. It is approved practice to make a motion for an amended finding, or an additional finding, or to strike out a finding; but the orders made by the trial court thereon are not appealable. If the moving party is successful, he may have all he wants and may be entitled to relief different from that which the trial court gave. If his motion is denied, the rulings of the trial court are reviewable when properly attacked on appeal from an order denying a motion for a new trial or an appeal from the judgment; and there may be a case where so clearly the findings should have been different that the court will remand with directions to make them so, or in possible cases with directions to make them and direct the entry of judgment in a particular way. The case of Breen v. Cameron, 132 Minn. 357, 157 N. W. 500, cited by the appellants, is such a case. In that case there was an appeal from a judgment. The court remanded the case with directions to make a certain finding and amend its judgment in accord therewith. There are other cases of like principle. They have appropriate citation and comment in the Nash case, 161 Minn. 409, 201 N. W. 617. Whatever the particular circumstances are and though the moving party is entitled to the relief he asks relative to the findings and it is error not to amend, the ruling of the trial court is not an appealable order. It is reviewable on appeal from an appealable order denying a new trial or from the judgment when properly presented. Were it otherwise the final termination of a case might be delayed long. And of course, as we have tried to say before, when the motion is a motion in the alternative for amended findings or a new trial made thereon so far as it relates to a new trial it is

appealable like other orders though not so as to the amendment sought. Berg v. Veit, 136 Minn. 443, 162 N. W. 522.

The case of First Nat. Bank v. Towle, 118 Minn. 514, 137 N. W. 291, cited by appellants, gives no help.

Appeal dismissed.