## DAVID ROELOFS v. HENRY BABER AND ANOTHER.[1]

March 29, 1935.

No. 30,256.

[1] Reported in 259 N. W. 808.

*Snyder, Gale & Richards,* for appellants.
*John P. J. Dolan,* for respondent.

STONE, JUSTICE.

Action for the wrongful death of the six-year old daughter of plaintiff, who sues as the special administrator of her estate. There was a verdict for plaintiff, but for only $200. His motion for a new trial was denied on condition that defendants consent to an increase of the verdict to $1,250. Such consent not forthcoming, the result was an order for a new trial, from which defendants appeal.

Had defendants consented to an increased verdict, plaintiff would have been in a position to question the constitutional power of the court so to allow an increase of the damages awarded by the jury. Dimick v. Schiedt, 293 U. S. 474, 55 S. Ct. 296, 79 L. ed. 256. In the present status of the case that question is not for decision.

The motion for new trial was based upon the following among other grounds: (1) Errors of law occurring at the trial and excepted to at the time; (2) that the verdict is contrary to the evidence and to law in the amount of damages; (3) inadequate damages due to passion and prejudice. The order granting the motion was expressly based "exclusively upon the ground of error occurring at the trial, in that the jury after finding for the plaintiff and against the defendants failed to assess plaintiff's damages in a sum at least equal to the minimum amount to which plaintiff is entitled as a matter of law and in that the amount of the verdict of the jury, to-wit: two hundred dollars ($200.00) was contrary to the instructions of the court and perverse and inadequate as a matter of law, entitling plaintiff to a new trial not as a matter within the discretion of the trial court but as a matter of right."

Obviously, that frank statement was intended not only to advise counsel of the basis of the order but also to make it appealable under 2 Mason Minn. St. 1927, § 9498(4), as amended by L. 1931, c. 252, 3 Mason Minn. St. 1934 Supp. § 9498(4). That statute pre-

vents appeal from an order granting a first new trial unless it "is based exclusively upon errors occurring at the trial," and the grounds are expressly stated in the order or memorandum.

We regret that we cannot agree with the learned trial judge in his classification of the ground for his order. What a jury may do, or fail to do, in respect to the issues of fact submitted to it for decision will never constitute an error occurring at the trial which can be ground for a new trial under 2 Mason Minn. St. 1927, § 9325. If the action of the jury be "irregularity" or "misconduct" or the damages awarded be so excessive or insufficient as to show passion or prejudice, there may be ground for a new trial. But it cannot be error of law. The phrase "errors occurring at the trial" refers only to the action of the trial judge, who determines all questions of law, and not at all to the conduct of the jury, which must take its law, right or wrong, from the trial judge. See McKenzie v. Bismarck Water Co. 6 N. D. 361, 71 N. W. 608, holding that errors of law, within the statute regulating appeals, are errors in rulings and instructions and the like during the progress of the trial and before the rendition of the verdict.

We are not precluded by the form of the order under review. Substance controls. The one reason for the order was an inadequacy of damages explainable only upon the theory of passion or prejudice. That being plain and no real error of law having been suggested, we must consider the order one granting a new trial because of inadequate damages. In that view it was not appealable under 2 Mason Minn. St. 1927, § 9498(4). Hence the appeal should be dismissed.

So ordered.