# EDITH MARTY v. RICHARD NORDBY AND OTHERS.[1]

December 24, 1937.

No. 31,476.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellants.

*G. P. Mahoney,* for respondent.

[1] Reported in 276 N. W. 739.

470

PETERSON, JUSTICE.

Plaintiff, as administratrix, recovered a verdict for $2,700 for her husband's wrongful death, which was caused by defendant George Swanson driving the automobile of the defendants Nordby and moving it to make room in an alley crowded with cars so he could pass with the truck of the defendants Ewald, of which he was the driver. Plaintiff moved on the minutes for a new trial on the issue of damages only, upon the grounds that the damages were inadequate. Notice of the motion for new trial was served upon all defendants. The motion was granted, and there was no appeal therefrom. Then defendants Nordby moved for an order vacating the order granting plaintiff's motion for a new trial on the issue of damages only and for a new trial of all the issues on the grounds that the verdict is not justified by the evidence and is contrary to law, and error of law occurring at the trial. They appeal from the order denying their motion.

■ The order denying defendants' motion below to vacate the order granting plaintiff's motion for a new trial on the issue of damages is not appealable. The statute, 3 Mason Minn. St. 1936 Supp. § 9498(4), provides that an order granting a new trial is appealable if it is based exclusively on errors of law occurring at the trial, so stated by the court in its order or in a memorandum made part of the order. The order granting plaintiff's motion for new trial on the issue of damages does not come within the statute because it is not for error of law occurring at the trial. In the case of Roelofs v. Baber, 194 Minn. 166, 259 N. W. 808, we held that an order granting a new trial upon the ground of inadequate damages was not for errors of law occurring at the trial even if the trial court stated in a memorandum made part of the order that it was granted for errors of law occurring at the trial, and hence is not appealable. Reliance is placed upon Lundblad v. Erickson, 180 Minn. 185, 230 N. W. 473. That such an order is not appealable is definitely settled by Roelofs v. Baber, *supra,* against defendants' contention. An appeal does not lie from an order denying a motion to vacate a nonappealable order. 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) § 304; Davis v. Royce, 174 Minn. 611, 219

N. W. 928; Thompson v. C. & N. W. Ry. Co. 178 Minn. 232, 226 N. W. 700. Therefore, an appeal does not lie from the order denying defendants' motion to vacate the order made on plaintiff's motion.

■ The statute authorizes an appeal from an order denying a motion for new trial. Defendants' appeal brings up only that part of the order denying their motion for new trial. A nonappealable order is not rendered appealable because it is coupled with an appealable order. An order appealable in part and nonappealable in part will present for review only that part which is appealable. In such a case the nonappealable order or the part of the order which is nonappealable will be disregarded, and only the appeal from the appealable order or the part which is appealable will be considered. Schaedler v. New York L. Ins. Co. 201 Minn. 327, 276 N. W. 235; Nash v. Kirschoff, 161 Minn. 409, 201 N. W. 617; Worrlein v. Maier, 177 Minn. 474, 225 N. W. 399; Louis F. Dow Co. v. Bittner, 185 Minn. 499, 241 N. W. 569. The appeal, therefore, is good only as to that part of the order denying defendants' motion for new trial.

■ The notice of motion is for a new trial of all the issues upon the grounds (1) that the verdict was not justified by the evidence and is contrary to law and (2) that the court erred in denying defendants' motion for a directed verdict in their favor. No other grounds for new trial are assigned. Only errors assigned below can be considered on appeal from an order denying a motion for new trial. 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) § 395. The appeal from the order denying defendants' motion for new trial therefore does not present the question whether it was error for the court below to grant plaintiff's motion for new trial on the issue of damages only.

■ The only question raised by the appeal is whether defendants authorized Swanson to operate their automobile. Swanson was not their employe, and they could be held liable only if such consent was given. By L. 1933, c. 351, § 4, 3 Mason Minn. St. 1936 Supp. § 2720-104, the owner of an automobile is liable for injuries caused by the negligence of one operating his automobile upon a public street or highway with his permission. The alley is a public high-

way. Patterson-Stocking, Inc. v. Dunn Bros. Storage Warehouses, Inc. 201 Minn. 308, 276 N. W. 737; Miller v. J. A. Tyrholm & Co. Inc. 196 Minn. 438, 265 N. W. 324; Steinle v. Beckwith, 198 Minn. 424, 270 N. W. 139. The evidence whether defendants Nordby consented that Swanson could operate their automobile is conflicting. Plaintiff's evidence consisted of the testimony of Swanson himself, who said that he had such consent from Richard Nordby, Sr., given to him in the presence of Richard Nordby, Jr., who remained silent, and admissions made by Mr. Nordby to three other witnesses that he had given Swanson consent, and a written statement given to the insurance company on the day the accident occurred in which he stated in writing that he had given such consent. Swanson's statement is impeached by a statement which he gave the insurance company in which he stated that he requested consent from Nordby which the latter gave, but that he could not positively swear that Nordby expressly stated that he could move the car. Defendants' testimony consisted of denials that such consent was either requested by Swanson or given by either of the Nordbys. Nordby, Sr. was impeached by the statement which he gave his insurance company and by the statements which he made to plaintiff's witnesses which he first denied as a witness and which he later admitted, changing his testimony. The weight of this evidence was for the jury. It sustains the verdict.

The order is affirmed.