## RICHARD W. JULIUS AND OTHERS v. WILLIAM LENZ AND OTHERS.[1]

March 13, 1942.

No. 33,108.

[1]Reported in 3 N. W. (2d) 10.

*Lauermann & Pfeiffer,* for appellants.
*Gage & Rheinberger,* for respondents.

JULIUS J. OLSON, JUSTICE.

This is a suit to have an ordinance of defendant village of Fairfax "declared null and void" and that the city officers "be enjoined and restrained from enforcing or attempting to enforce said ordinance" against plaintiffs. Plaintiff Minnie Julius is the owner of certain real estate and a building thereon in Fairfax. The building, which is a one-and-one-half-story frame structure erected some 60 years ago, was in need of repair, and Minnie engaged her coplaintiffs to do the work for her. Defendants are the village and its officers.

More than 40 years ago the village enacted "an ordinance to establish a fire limit within which wooden and other combustible buildings shall not be erected in the Village of Fairfax." The first section defines the fire limits. Section two provides that it shall be unlawful for anyone to "build, erect or construct * * * any wooden or other combustible building" within the prescribed limit. Section three provides that "any person * * * desiring * * * to repair any building already built * * * shall make application in writing to the village council * * *, stating particularly in such application the size, location and the material to be used in * * * the repairs and the nature and condition of the building * * *, for a permit from said village council." The council is required "by resolution properly spread upon the minutes either" to "grant a permit for * * * repairing * * * such building * * * or reject the same, stating their reasons for so rejecting said application."

A suitable application for a repair permit was duly made. But the council refused to grant it because it appeared from the application that the structure to be repaired was "of wooden and other combustible materials"; that the repair was of like material; and, since there are "several buildings within said [fire] limit [which] constitute dangerous fire hazards," therefore, "in the opinion of the council, this building will constitute as dangerous a fire hazard after being repaired as before." It is apparent that the council did not deem the structure when repaired as any greater fire hazard than the existing building.

The facts were stipulated, and these were adopted by the court as the basis for its findings. As to the validity of the ordinance, the court made no finding, although the entire ordinance was attacked by plaintiffs on constitutional grounds. It contented itself with the finding that "the work contemplated on the premises * * * is repair," hence that the ordinance was "without force and effect insofar as it pertains to said repairs." Its conclusion was that plaintiffs should have judgment "enjoining and restraining defendants from enforcing or attempting to enforce said ordinance * * * so far as said ordinance pertains to said repairs contemplated by plaintiffs."

Defendants' motion in the alternative for amended findings or a new trial being denied, they appeal. In the motion for new trial there is no assignment of errors.

1. Appeals to this court are governed by statute. Mason St. 1927, § 9498. So, as was said in Nash v. Kirschoff, 161 Minn. 409, 410, 201 N. W. 617:

"At the outset, repeating what has often been said before, we call attention to the rule that an order denying a motion to amend findings is not appealable, whether it is accompanied by a motion for a new trial or not." (Citing cases.)

That has been the holding in so many of our cases that citation of them seems needless. In the recent case of Marty v. Nordby, 201 Minn. 469, 471, 276 N. W. 739, 740, we again said:

"The statute authorizes an appeal from an order denying a motion for new trial. Defendants' appeal brings up only that part of the order denying their motion for new trial. A nonappealable order is not rendered appealable because it is coupled with an appealable order. An order appealable in part and nonappealable in part will present for review only that part which is appealable. In such a case the nonappealable order or the part of the order which is nonappealable will be disregarded, and only the appeal from the appealable order or the part which is appealable will be considered." (Citing cases.)

In point, too, are such cases as Hoyt v. Kittson County State Bank, 180 Minn. 93, 94, 230 N. W. 269; Louis F. Dow Co. v. Bittner, 185 Minn. 499, 241 N. W. 569; Dayton-Lee, Inc. v. McGowan, 202 Minn. 656, 658, 279 N. W. 580; State, by Peterson, v. Anderson, 208 Minn. 334, 337, 294 N. W. 219; Driessen v. Moening, 208 Minn. 356, 359, 294 N. W. 206.

2. It is therefore apparent that as to the appeal from the order refusing to amend the findings the cause must be dismissed. Insofar as the order denied a new trial, while that order was appealable, yet, since "no ground for a new trial was stated in the motion," no question of law was raised, therefore "the order must be affirmed." Hoyt v. Kittson County State Bank, 180 Minn. 93, 94, 230 N. W. 269.

So ordered.