# IN RE APPLICATION FOR DISSOLUTION OF BLUE EARTH COUNTY CO-OPERATIVE COMPANY.

## A. J. WHITMAN & COMPANY v. H. C. MIELKE.[1]

### January 25, 1918.

### No. 20,707.

**Corporation — purchase of goods — claim against corporation.**

1. Claimants sold their stock of merchandise to a co-operative company, agreeing to look only to the proceeds of sales of stock for their pay. Part of the stock was already subscribed and was later paid for, and claimants received the proceeds. *Held*, the contract created no claim against the corporation, unless it was broken by the corporation.

**Breach of contract — burden of proof — failure to make finding.**

2. Breach of contract was not pleaded. There was some evidence that it was broken and some that it was not. The burden of proof was on claimant. The court made no finding on this subject and was not asked to do so. It is not the province of this court to make findings on conflicting evidence, nor on such evidence to direct the trial court what findings to make. The issue of breach of contract is not in the case as presented on this appeal.

[1]Reported in 166 N. W. 178.

In the above entitled matter H. C. Mielke, receiver, filed objections to the claim of A. J. Whitman & Company for $2,022.40. The matter was heard in the district court for Blue Earth county before Comstock, J., who made findings and disallowed the claim. From an order denying its motion for a new trial, claimant appealed. Affirmed.

C. J. Laurisch and S. B. Wilson, for appellant.

H. L. & J. W. Schmitt and U. G. Argetsinger, for respondent.

HALLAM, J.

In 1907 claimants, A. J. Whitman & Company, were owners of a general merchandise business in the village of Good Thunder. On November 20, 1907, they made a written proposition "to the people of Good Thunder and vicinity," in which they stated that if 20 or more persons would subscribe each $100 and become incorporated as the Blue Earth County Co-Operative Company, with by-laws recommended by the Right Relationship League of Minneapolis, claimants would "turn over" to the corporation so formed their entire stock of merchandise, the value or price to be determined by appraisement, and to be paid as follows: There should be credited on the books of the corporation a number of shares of capital stock equal to the agreed purchase price, said amount to remain so credited until reduced and finally canceled by the sale of additional shares of stock, and, as such shares were sold and paid for, the proceeds to be paid to claimant in reduction of the credit. It was stipulated that neither the corporation nor the board of directors nor members should incur or assume any liability by authorizing the credit, but should "sell shares as rapidly as possible."

The court found that some 40 persons subscribed stock and incorporated the Blue Earth County Co-Operative Company, and that claimants' proposition was accepted by the corporation. The evidence sustains these findings. The merchandise was appraised at $6,277.72 and was transferred to the corporation. Business was commenced with claimant Whitman as business manager. Stock was sold to the amount of $4,255.-32, leaving unpaid $2,022.40. After some years the corporation became insolvent. A receiver was appointed and claimants presented their

claim for the above balance of $2,022.40. The trial court disallowed the claim and claimant appeals.

The trial court was right.

1. The contract was a valid one. At the time it became effective, a substantial part of the consideration had been subscribed, and this was later paid over to claimants. No reason is suggested against the validity of the agreement of claimants to look only to the proceeds of sales of stock for the balance due them, and to make no personal claim against the corporation or its members. The corporation is not liable unless it, in some manner, broke its contract.

2. There is no allegation in the pleadings of any breach. There was some evidence to the effect that the corporation made no effort to sell stock, and the claim is now made that there was a breach on its part of its agreement to "sell shares as rapidly as possible." The fact is Whitman, one of the claimants, was manager of the corporation. There was evidence on behalf of the receiver that there was a bona fide effort by the corporation to sell stock. The court might have so found. The court made no findings on this subject and was not asked to do so. If claimants sought to predicate their claim on a breach of contract, the burden was on them to prove the breach. If the trial court omitted to make findings on this issue, it was incumbent on them to ask that findings be made. It is not the province of this court to make findings on conflicting evidence, nor, on such evidence, to direct the trial court what findings to make. Lawton v. Fiske, 129 Minn. 380, 152 N. W. 774. The issue of breach of contract is not in the case as presented by this appeal. Flanigan v. Pomeroy, 85 Minn. 264, 267, 88 N. W. 761. The contract being valid, and no breach established, claimants have no claim.

Order affirmed.