EDWARD JORDAN *vs.* JAMES W. HUMPHREY.

December 8, 1884.

**Appeal—Effect of Simple Reversal of Judgment.**—The effect of a simple reversal of a judgment depends upon the grounds upon which the reversal is based, as expressed in the "opinion" of the court.

**Same—Rule Applied where some Issues were Tried by Court and others by Jury.**—Part of the issues in this action were tried in the district court by a jury, and part by the court. Upon appeal from the judgment, this court, in its "opinion," determined that there was a mistrial of the issues tried by the court, and that as to them there should be a new trial. With reference to a new trial, the "opinion" also considered the question of the sufficiency of the evidence to support the verdict. No motion had been made below to set aside the verdict, or to grant a new trial of the issues determined by it. The order and judgment here simply reversed the judgment appealed from. *Held,* that the effect of the reversal is to set aside the judgment and the findings of the trial court, and to grant a new trial of the issues tried by the court, and to leave the plaintiff (if so advised) to move below to set aside the verdict and for a new trial of the issues determined by it, with an intimation that the evidence is not sufficient to justify the verdict.

Appeal by defendant from an order of the district court for Scott county, *Macdonald,* J., presiding, denying his motion for judgment.

*L. M. Brown,* for appellant.

*E. Southworth,* for respondent.

BERRY, J.   This action was here at October term, 1883, upon defendant's appeal from a judgment.   31 Minn. 495.   The defendant's answer, in the return upon the appeal, set up (1) usury in avoidance of the note, mortgage, and foreclosure involved in the action; and (2) that the plaintiff, who was a purchaser and assignee of the certificate of foreclosure sale, had notice of the usury at the time of his purchase.

The issues as to usury were submitted to a jury, which found the usury charged.   The issue as to notice to the plaintiff was tried by the court, which found in plaintiff's favor.   The finding of the jury was in defendant's favor, and, if the court had found notice to plain-

tiff, the defendant would have been entitled to judgment. But the court below, being of opinion that the notice was necessary to affect the plaintiff with the usury, gave judgment (upon its finding of no notice) in favor of plaintiff. This court held that it was not sufficient for plaintiff to show that he had no notice, but that he must show himself a *bona fide* purchaser by establishing, not only want of notice, but payment of a valuable consideration. The judgment was therefore reversed. The formal conclusion of the "opinion" of this court was, simply, "Judgment reversed," no formal order being made for a new trial, or for further proceedings in the case. An order and a judgment simply reversing the judgment appealed from were thereupon entered by the clerk of this court, and a mandate transmitted accordingly.

As, under the 18th rule of this court, a *remittitur* to the district court follows a reversal, as of course, unless otherwise ordered, the inquiry is, what is the effect of the reversal upon the case after the *remittitur?* The answer to this question depends upon the grounds upon which the reversal is based, as expressed in the "opinion" of the court. A judgment may be reversed upon grounds which show that it is impossible for plaintiff to recover. In such case a new trial would be useless, and the reversal is in its effect an end of the case, though some formal action of the court below may be necessary to finally dispose of it. So a judgment may be reversed because not in due form, because it does not pursue the verdict or finding, and for analogous grounds, which show not any necessity for a new trial, but one for correction or modification of the judgment, so that it shall answer the familiar definition of a judgment as "the sentence of the law upon the record." In other cases a judgment is reversed upon grounds which show that there has been a mistrial, and that the party in whose favor it is reversed is entitled to a new trial. In such cases it is quite usual formally to direct a new trial, as might very properly have been done in this instance. But in case such formal direction is omitted, the "opinion" of the court is to be consulted for the purpose of determining the effect of the reversal. *West* v. *Brashear,* 14 Pet. 51; *Miner* v. *Medbury,* 7 Wis. 100.

In this case the "opinion," found in 31 Minn. 495, expressly deter-

mines that there has been a mistrial as respects the issues tried by the court, and that, as to them, there should therefore be a new trial. Independent of this conclusion, the question whether the verdict was sustained by the evidence was, as remarked in the early part of the opinion, not reached by the appeal, because the court below had not passed upon it.    But in view of the fact that, when the judgment and findings of the court below were set aside for the mistrial above mentioned, the plaintiff might move to set aside the verdict, and for a new trial of the issues to which it related, and of the further fact that the question of the sufficiency of the evidence to sustain the verdict was considerably discussed by the counsel here, the "opinion" proceeds to consider that question, and arrives at the conclusion that the evidence was not sufficient to sustain the verdict.    This was in a measure gratuitous, but it was very properly done, according to a common practice of the court, to further the interest of the parties and speed the determination of the action.

In this state of facts the effect of the reversal, as indicated by the "opinion," is to set aside the judgment and the findings of the court, to grant a new trial of the issues tried by the court, and to leave the plaintiff, if so advised, to move to set aside the verdict, and for a new trial of the issues submitted to the jury, with an intimation on our part that the verdict is not sustained by the evidence.    But whether the plaintiff saw fit to move for a new trial or not, so long as the issues which were tried by the court were left undetermined, (as they were by the setting aside of the findings,) the defendant's motion for judgment was properly denied.

Order affirmed.