NATIONAL INVESTMENT CO. *vs.* NATIONAL SAVINGS, LOAN & BUILDING ASS'N.

Submitted on briefs April 18, 1892.   Decided May 16, 1892.

**Contract Forbidden by Statute is Nonenforceable.**—A contract entered into with a building association organized under the laws of this state, by and through which it may be enabled to evade the statute, and loan its funds to a person not a member or shareholder of the association, is invalid and nonenforceable.

Appeal by defendant The National Savings, Loan & Building Association from the judgment of the District Court of Ramsey county, *Brill,* J., entered July 24, 1891.

The defendant was incorporated August 14, 1888, by Mahlon D. Miller, Frank P. Blair, Wm. T. Kirke, Wm. L. Hackett, and Chas. E. Hamilton, under 1878 G. S. ch. 34, § 109.   On September 10, 1889, it amended its articles of incorporation with intent to comply with Laws 1889, ch. 236.   On October 24, 1890, Wm. J. Woolsey applied to defendant for a loan of $7,200 to be secured by mortgage on Lot five (5) in Block two (2) in Dayton's Addition to St. Paul. Defendant was not able to lend him the money at that time, but agreed with the plaintiff, the National Investment Company, that if it would make the loan to Woolsey the defendant would, on or before January 1st then next, take an assignment of the mortgage, and repay the plaintiff the money with interest.

The plaintiff thereupon loaned the money to Woolsey, and took his notes and mortgage, and after January 1, 1890, tendered to the defendant the securities and an assignment of them, and asked it to take the loan off its hands as agreed.   The defendant, The Building

Association, refused to accept the assignment or fulfill its agreement on the ground that Woolsey was not one of its members, and the proviso at the end of 1878 G. S. ch. 34, § 109, prohibited it from taking the loan, and that plaintiff was presumed to know this when it made the agreement.

The plaintiff then began this action to compel defendant to perform and pay the money. The defendant demurred to the complaint, but the demurrer was overruled by *Cornish, J.* An answer was then served, and the issues were tried June 25, 1891, before *Brill, J.,* without a jury, who made findings and directed judgment for plaintiff for $7,200 and interest and costs. Defendant made a motion for a new trial, but it was denied, and judgment was entered, and it appealed.

*Charles E. Hamilton,* for appellant.

The contract is prohibited by the laws of the State. It is illegal, in that it contemplated a use of defendant's funds unauthorized by law, contrary to the purpose for which it was organized, and the contract is therefore void. 1878 G. S. ch. 34, § 109; Laws 1889, ch. 236, § 4; *Thomas* v. *West Jersey R. Co.,* 101 U. S. 71.

Defendant does not rest its defense upon the fact that the contract is *ultra vires,* but upon the ground that it is prohibited by the public policy of the State, and was made in direct violation of the law of the State, of which both parties are presumed to have had knowledge. *Harris* v. *Runnels,* 12 How. 79; *Coppell* v. *Hall,* 7 Wall. 542; *Oscanyan* v. *Winchester Repeating Arms Co.,* 103 U. S. 261.

*Wm. G. White,* for respondent.

The defendant could not, for certain reasons, make the loan to W. J. Woolsey, and requested the plaintiff to do so, and the plaintiff advanced the money to Woolsey, relying upon defendant's contract, and upon the faith and credit of its promise to pay the amount to the plaintiff on the first day of January, 1891. The mortgage from Woolsey would be perfectly valid in the hands of the defendant, and enforceable against Woolsey, even if he never became a member of the defendant. *Union Nat. Bank of St. Louis* v. *Matthews,* 98 U. S.

621; *National Bank of Genesee* v. *Whitney,* 103 U. S. 99; *Merchants' Nat. Bank of St. Paul* v. *Hanson,* 33 Minn. 40.

The contract was fully executed by the plaintiff, and the defense of *ultra vires* cannot be interposed. 2 Mor. Priv. Corp. §§ 689–698; *State Board of Agriculture* v. *Citizens' St. Ry. Co.,* 47 Ind. 407; *Bradley* v. *Ballard,* 55 Ill. 413.

COLLINS, J. The only question which we need to discuss on this occasion is that of defendant's liability upon the contract on which plaintiff's right to recover is based. The defendant is a building association organized under the provisions of 1878 G. S. ch. 34, tit. 2, and the various amendatory acts. By a proviso found at the end of section one hundred and nine (109) of said chapter, such associations are expressly prohibited from loaning their funds, except to their own members or shareholders; and by means of Laws 1889, ch. 236, § 4, the manner of making such loans to members and stockholders is pointed out and regulated with great care. Upon the trial it was stipulated that Woolsey, named in the writing as the applicant for a loan, was not such member or shareholder; and it follows that a loan to him by defendant would have been in direct violation of a clear and express provision of the statute governing defendant association, under which it existed, and of which plaintiff and all other persons dealing with it were bound to take notice. With this notice and knowledge, then, of defendant's restricted and limited powers as fixed by law, plaintiff entered into an executory contract with defendant which, if valid and enforceable, enabled the latter to evade a statute by loaning its funds to a person ineligible as a borrower, because not a member or shareholder, and to accomplish indirectly that which was expressly forbidden. Such a transaction cannot be permitted, and it is immaterial whether we regard it as a loan made by plaintiff at defendant's request, with a promise to take it off plaintiff's hands, or as an agreement to purchase a note and mortgage which plaintiff was about to acquire. In either event, the contract, if fulfilled, led directly to a violation of the statute before referred to.

Nor can the transaction, in legal effect, be regarded as a loan of money to defendant. It received no money and no benefit. It had

no claims upon Woolsey, or upon his note and mortgage, and none upon the plaintiff, save such as would come from an improper and unlawful use of its funds at a future time. It is not analogous to a case where a corporation, in excess of its powers, has procured a loan of money; nor is it such a case as might have arisen between defendant and Woolsey, not a member and shareholder, had the former performed its part of the agreement, and became the holder of a note and mortgage it was forbidden to take.

The respondent's counsel cites *State Board of Agriculture* v. *Citizens' St. Ry. Co.*, 47 Ind. 407, and other cases in support of the decision reached below. We are not inclined to question the soundness of the position that, where a corporation has merely exceeded its powers when entering into a contract, and by its promise induced a party relying on the promise, and in execution of the same, to expend money and perform on his part, the corporation is liable. But here the appellant was positively prohibited from making the loan to Woolsey, or accepting the note and mortgage it agreed to take from plaintiff; and its contract was in violation of a statute. The rule in such cases is unquestioned.

There is nothing whatever in respondent's suggestion that Woolsey might have become a member and shareholder before or at the time of performance on defendant's part.

Judgment reversed.

(Opinion published 52 N. W. Rep. 138.)