NATIONAL INVESTMENT COMPANY *vs.* NATIONAL SAVINGS, LOAN & BUILDING ASSOCIATION.

Submitted on briefs Oct. 10, 1892. Decided Oct. 29, 1892.

**Effect of Reversal of Judgment.**

The effect of a simple reversal of a judgment depends upon the grounds upon which the reversal is based, as expressed in the "opinion" of the court. *Jordan* v. *Humphrey,* 32 Minn. 522, followed.

**Same.**

Where a judgment is reversed solely upon the ground that it is not the one which should have been rendered upon the verdict or findings of fact, the effect of a simple reversal is to send the case back, not for a new trial, but merely for the correction of the judgment.

Appeal by plaintiff, National Investment Company, from an order of the District Court of Ramsey County, *Brill,* J., made September 7, 1892, refusing a new trial.

This action was brought against the defendant, National Savings, Loan and Building Association, to recover the sum of $7,200, upon its written contract to purchase of the plaintiff a certain mortgage for that amount made to it by one W. J. Woolsey. The defendant is a building association under the laws of this state, and neither plaintiff nor Woolsey, at the time the contract was made, was a member or stockholder thereof. The court found these facts, but ordered judgment for the plaintiff, which was entered. On appeal to this court, it was held that on the findings, defendant was entitled to judgment, instead of plaintiff, and the judgment was reversed, but the opinion contained no further direction as to subsequent proceedings. *National Inv. Co.* v. *National Sav., L. & B. Ass'n*, 49 Minn. 517. The case was then placed upon the June, 1892, calendar of the District Court. When called for trial in its order, defendant moved on the pleadings, findings, and mandate from this court, for judgment in its favor. The motion was granted, and from an order denying a new trial, plaintiff appeals.

*William G. White*, for appellant.

The order of the court reversing the judgment of the court below was general, and not qualified by any specific direction. Its effect was to send back the case for a new trial upon all the issues made by the pleadings. *Chickering* v. *Failes*, 29 Ill. 294; *Cable* v. *Ellis*, 120 Ill. 136; *Perry* v. *Burton*, 126 Ill. 599; *Stearns* v. *Aguirre*, 7 Cal. 443; *Ryan* v. *Tomlinson*, 39 Cal. 639; Freeman, Judg. § 481; *Crispen* v. *Hannovan*, 86 Mo. 160.

*C. E. Hamilton*, for respondent.

Where a judgment of a trial court is reversed without specific directions, future proceedings depend upon the grounds on which the reversal was based. If the opinion shows that the case was reversed for reasons which preclude a recovery, the court below should enter judgment in accordance with the opinion, without a new trial. *Jordan* v. *Humphrey*, 32 Minn. 522; *Treadway* v. *Johnson*, 39 Mo. App. 176. The cases cited by appellant to the contrary are not in point.

MITCHELL, J.   When this case was before us on a former appeal the judgment appealed from was reversed without any formal direction as to what further proceedings should be had in the action.   49 Minn. 517, (52 N. W. Rep. 138.)

The effect of a simple reversal of a judgment depends upon the grounds upon which the reversal is based, as expressed in the "opinion" of the court.   In the absence of any formal direction, the opinion of the court is to be consulted for the purpose of determining the effect of the reversal.   *Jordan* v. *Humphrey*, 32 Minn. 522, (21 N. W. Rep. 713.)

An examination of the opinion of the court in the present case shows that the judgment was reversed, not because of any error in law occurring at the trial, or because the findings of fact were not justified by the evidence, but solely upon the ground that, upon the findings of fact as made, the defendant, and not the plaintiff, was entitled to judgment.   Upon such a state of facts no new trial was necessary, but, as was said in *Jordan* v. *Humphrey, supra,* merely "a correction or modification of the judgment so that it shall answer the familiar definition of a judgment, to wit, the sentence of the law upon the record."   The effect of the reversal in this case was not to set aside the findings of fact and send the case back for a new trial, but merely to send it back for the rendition of the proper judgment upon the facts as already found.   Of course it would have been within the discretion of this court, and perhaps of the trial court, upon a sufficient showing to have directed or granted a new trial; but no such case is presented.   The plaintiff rested solely upon the legal proposition that the effect of the reversal was to set aside the findings, and to send the case back for a new trial.   If it was error to permit the defendant, on its motion for judgment, to refer to the evidence in the "settled case" on the former appeal, it was error without prejudice, because it could not have affected the result.

Order affirmed.

(Opinion published 53 N. W. Rep. 546.)