CHARLES S. HANLEY v. BOARD OF COUNTY COMMISSIONERS OF CASS COUNTY.[1]

October 10, 1902.

Nos. 13,234—(213).

**Appealable Order.**
> An order made in an election contest, denying, as a matter of strict legal right, the contestant's motion to amend his notice of contest, is not appealable.

Appeal by Charles S. Hanley, contestant, from an order of the district court for Cass county, McClenahan, J., denying his motion to amend his notice of contest. A motion in the supreme court to dismiss the appeal was granted.

[1] Reported in 91 N. W. 756.

87 M.—14

*F. W. Smith, W. E. Rowe* and *C. C. McCarthy,* for contestant.

*B. F. Hartshorn, E. F. Crawford, D. T. Calhoun* and *McGarry & De Lury,* for respondent.

PER CURIAM.

On May 14, 1902, a special election was held in the county of Cass upon a proposition to issue the bonds of the county to build a courthouse. The proposition was declared carried by the canvassing board. Thereupon, and on June 12, 1902, the appellant herein, an elector and freeholder of the county, served a notice of contest, as provided by G. S. 1894, § 195, setting forth the grounds of the contest. Thereafter, and on September 2, 1902, he moved the district court to amend his notice of contest. The court made its order denying the motion upon the ground that the court was without power to grant the amendment, because more than thirty days had elapsed since the result of the vote was declared; that is, the motion was denied as a matter of law, and not in the exercise of any judicial discretion. The contestant appealed from the order, and the respondent now moves to dismiss the appeal on the ground that the order is not appealable.

The notice of an election contest is in the nature of a complaint in an ordinary action setting forth the facts upon which the contestant relies to sustain his contest. Therefore the same rules as to the appealability of an order granting or denying a motion to amend the pleadings in an ordinary action applies to the order here in question. It is, and must be, conceded that, if the order had been made as a matter of discretion, no appeal would lie.

The appellant, however, claims that an order denying a motion to amend a pleading as a matter of strict legal right is appealable. There are judicial decisions in other states which so hold. The question has never been directly passed upon in this state. Whenever such an order has been reviewed in this court, it has been upon an appeal from the judgment or an order denying a motion for a new trial. See Bingham v. Stewart, 14 Minn. 153 (214); McOmber v. Balow, 40 Minn. 388, 42 N. W. 83. The general rule is that no appeal lies from an order granting or denying a motion to amend a pleading. If such order is made before the trial, it

can only be reviewed on an appeal from the judgment. If made on the trial, it may be reviewed on appeal from an order denying a motion for a new trial or from the judgment. City of Winona, v. Minnesota Ry. Const. Co., 25 Minn. 328, 27 Minn. 415, 6 N. W. 795, 8 N. W. 148, 29 Minn. 68, 11 N. W. 228; Minneapolis, St. P. & S. S. M. Ry. Co. v. Home Ins. Co., 64 Minn. 61, 66 N. W. 132; Manwaring v. O'Brien, 75 Minn. 542, 78 N. W. 1.

Upon principle it would seem that there was no reason why an order granting or denying a motion to amend a pleading, when made as a matter of strict legal right, should be made an exception to this general rule. To do so would result, in many cases, in abuses and delays. Thus, if such an order is appealable, a party might ask to amend his pleading, and the court deny his motion because the facts alleged did not constitute a cause of action, counterclaim, or defense, and he could appeal from the order, and delay the trial. We are of the opinion that such an order is not an exception to the general rule, and that it is not appealable. It follows that the order here in question is not appealable.

Appeal dismissed.