## CHICAGO GREAT WESTERN RAILROAD COMPANY v. MINNIE B. ZAHNER, PERSONALLY DOING BUSINESS AS ZAHNER CHARCOAL COMPANY.[1]

April 29, 1921.

No. 22,172.

**Amendment of answer denied.**

Upon a former appeal in this case a judgment in favor of defendant was reversed. After the going down of the remittitur defendant made an application for leave to file an amended answer in the form of a cross-complaint and for a new trial. The application being denied this appeal was taken. We find no error or abuse of discretion in denying appellant's application.

After the former appeal reported in 145 Minn. 312, 177 N. W. 350, defendant's motion for an order permitting her to amend her answer; and granting her a new trial, and her motion to reconsider said motion and set aside the court's order thereon, was denied, Dickson, J. From the orders denying these motions, defendant appealed. Affirmed.

*Norton & Norton,* for appellant.

*Briggs, Weyl & Briggs,* for respondent.

[1]Reported in 182 N. W. 904.

QUINN, J.

Action in ejectment to recover possession of the parcel of land described in the complaint. The cause was tried to the district court of Ramsey county. Evidence was taken, findings made and judgment entered in favor of defendant. There was an appeal by plaintiff to this court and it was held that the deed referred to in the pleadings conveyed only a railroad right of way easement and not the fee, and that under such deed the railroad company is entitled to the exclusive possession of the right of way easement, and that it may recover possession without showing that it has immediate need of the portion occupied by the owner of the servient estate for railway purposes, or that such occupancy disturbs its enjoyment thereof for railway purposes, and the judgment was reversed. An application for a rehearing was made by defendant, and in disposing of the same it was said: That "if the defendant  *  *  * is entitled to relief in this action because of any fact not appearing in the record now before the court or not pleaded, she can apply to the trial court upon the going down of the remittitur." 145 Minn. 312, 319, 177 N. W. 350.

The defendant, in conformity with the suggestion, applied to the trial court, upon notice, for leave to serve and file an amended answer in the nature of a cross-complaint, and for a new trial as to the issues thus presented. The proposed pleading contained a general denial, admitted defendant's possession of the property in controversy, and affirmatively pleaded mutual mistake as to the amount and description of the property conveyed by the Secombe deed, and asked for a reformation thereof on the ground of such mutual mistake, so as to make the deed conform with the agreement and intention of the parties thereto. The motion for leave to amend and for a new trial was denied, and this appeal followed.

The plaintiff makes no claim to the right of possession except through the warranty deed from Secombe which was executed in March, 1905. This deed, in addition to the description, contained the following: "Such portions of lots 3 and 4 being deemed necessary to be used for a track contemplated and to be laid by said Chicago Great Western Railway Company on said land for commercial purposes."

A diagram of the situation showing substantially the tract (BDEF) conveyed by the deed, and also the triangle (ABC) crossed by the sidetrack, as well as the location of the track follows:

On the former appeal judgment in favor of the defendant was reversed without any direction as to what further proceeding should be had. The effect of the reversal of a judgment depends upon the ground upon which it is based, as expressed in the decision reversing it. Jordan v. Humphrey, 32 Minn. 522, 21 N. W. 713; National Inv. Co. v. National S. L. & B. Assn. 51 Minn. 198, 53 N. W. 546. By the reversal of the judgment in the present case, the findings of the trial court, its conclusions of law and order for judgment were all set aside. As the case then stood, under the holding of this court as expressed in its opinion, the plaintiff was entitled to judgment, unless the trial court in its discretion saw fit to grant defendant's application for leave to amend the answer and for a new trial of the issues thus presented.

It is desirable that litigants so frame the issues in their pleadings that all contentions may be tried out in one trial, but counsel are not always sufficiently informed of the facts, by their clients, to enable them to bring about such results. The issues presented by the pleadings herein were fully considered and disposed of in the former decision. The granting of leave to serve and file an amended answer was for the trial court. The order denying the same under the circumstances then existing, was not appealable under the well established rule of practice. Hanley v. Board

of Co. Commrs. of Cass County, 87 Minn. 209, 91 N. W. 756; Stromme v. Rieck, 110 Minn. 472, 125 N. W. 1021; Itasca Cedar & Tie Co. v. McKinley, 129 Minn. 536, 152 N. W. 653; Blied v. Barnard, 130 Minn. 534, 153 N. W. 305.

Plaintiff's grantor remained in possession and use of all the tract conveyed to plaintiff, except the triangle crossed by the sidetrack as shown above, until in April, 1911, when he sold and conveyed all of lots 3 and 4 to the defendant by warranty deed subject only to the easement referred to. The defendant went into immediate possession and has since remained in possession thereof, using the same in connection with the trackage facilities afforded by such sidetrack. While the result in this case leaves the defendant's possessions some 40 feet distant from the sidetrack, which was constructed for the special accommodation of lots 3 and 4, yet, under the circumstances now existing, her remedy is with another tribunal, as was suggested in the former opinion. A new trial without an amendment of the pleading would avail defendant nothing. We find no error or abuse of discretion in the record, either as to refusing leave to amend or in refusing a new trial.

Affirmed.