LEONARD SWANSON v. MARSHALL H. ALWORTH AND
ANOTHER.[1]

December 7, 1923.

No. 23,855.

**Order not appealable.**
> An order denying a motion for leave to file an amended complaint
> is not appealable.

Action in the district court for St. Louis county to recover two
million dollars. From an order, Dancer, J., denying his motion to
amend the second amended complaint, plaintiff appealed. Respond-
ents' motion to dismiss the appeal was granted.

*Lewis & Hunt*, for appellant.

*Washburn, Bailey & Mitchell*, for respondents.

WILSON, C. J.

The appellant brought this action to recover damages for breach
of contract. He claims that defendants made a contract with him,
wherein he, having special qualifications, agreed to work for them in
exploring for and locating iron ore, copper and other minerals. De-
fendants were to pay him a nominal salary, and, in addition to that,
he was to receive ten per cent of the net profits derived from the
operation of such mines as appellant explored. He claims that his
contract required all property involved to be treated as an entirety
in the adjustment of compensation.

The complaint states that defendants had received net profits, on
property explored by appellant under his contract, in the sum of
$20,000,000 and that he is entitled to $2,000,000.

Issue was joined, and appellant then moved the court for permis-
sion to serve an amended complaint, in which he embraced the fur-
ther claim that defendants would yet make a net profit on the un-
developed properties explored by appellant under his contract, in

[1]Reported 196 N. W. 260.

the further sum of $10,000,000; and that he is now entitled to a further sum of $1,000,000 from that source, and asks in all for $3,-000,000.

The trial court denied the motion to amend, but said that he did so, not as a matter of discretion, but upon the theory that the new matter did not go to the true measure of damages.

Appellant appealed from this order of the trial court denying the motion for leave to file an amended complaint. The respondents now move this court to dismiss this appeal on the ground that the order appealed from is not an appealable order.

Appellant, apparently recognizing the prior decision of this court, seeks to sustain the appealability of this order as one within the provision of subdivisions 3 and 5 of section 8001, G. S. 1913, being one that involves the merits of the action or some part thereof, and as being an order which in effect determines the action.

The appellant urges that his contract is entire and indivisible; that the proposed amendment embodies allegations essential to appellant's cause of action; and that it is appealable under the provision of the statute above mentioned, even though it is an order refusing to permit the filing of an amended pleading.

. The contentions of appellant are untenable. To yield to appellant's construction of the statute, relative to his right to appeal from this order, would be to disturb the established practice, to make two classes of order of this kind, one appealable, and one nonappealable, which would result in many unnecessary appeals, much confusion and delay; to say nothing of the unsatisfactory relation to matters addressed to the discretion of the trial court.

No distinction results from the fact that the trial court said it denied the motion not as a discretionary matter, but as a matter of strict legal right.

We are of the opinion that this particular order is not such a menace to appellant as he contends, and that neither appellant's cause of action, nor the circumstances disclosed by the record, justify our making this order an exception to the general rule. We therefore hold that it is not appealable. Hanley v. Board of County Commissioners, 87 Minn. 209, 91 N. W. 756; Stromme v. Rieck, 110

Minn. 472, 125 N. W. 1025; Itasca Cedar & Tie Co. v. McKinley, 129 Minn. 536, 152 N. W. 653; Blied v. Barnard, 130 Minn. 534, 153 N. W. 305; Chicago Great Western R. Co. v. Zahner, 149 Minn. 27, 182 N. W. 904.

The motion to dismiss the appeal is granted. Appeal dismissed.