# ROY A. BURKHOLDER v. E. LOUISE BURKHOLDER.[1]

May 26, 1950.

No. 35,135.

*E. Luther Melin,* for appellant.
*Louis H. Schnedler,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court.

Plaintiff commenced an action for divorce against defendant in October 1948 on the ground of cruel and inhuman treatment. Defendant answered by way of general denial, but subsequently served an amended answer, together with a cross-complaint praying for judgment against plaintiff that his complaint be dismissed; that

[1]Reported in 43 N. W. (2d) 801.

defendant be granted a divorce from plaintiff; that she be granted the care and custody of the minor child of the parties; that she be given permanent alimony, household furniture and effects, cemetery lots, her war bonds, attorney's fees, costs, and disbursements; and for an order restraining plaintiff from interfering with or molesting her and the minor child and from destroying the household furniture and personal effects. Plaintiff replied to this cross-complaint, denying every part and portion thereof.

On June 1, 1949, an order was issued out of the district court requiring plaintiff to show cause why the court should not grant defendant temporary care and custody of the minor child of the parties, together with all the household furniture and effects, and why an order should not be issued directing plaintiff to pay care and support money for the minor child, temporary alimony, attorney's fees, and costs, and why plaintiff should not be restrained from in any way bothering, interfering with, or molesting either defendant or their minor child, or from damaging or destroying the household goods and effects. Pursuant to that order, the matter came on for hearing on defendant's motion, and on June 28, 1949, the district court ordered that during the pendency of the action and until further order of the court defendant should have the care and custody of the minor child of the parties, with leave to plaintiff to visit the child at reasonable times; that plaintiff pay defendant $30 a month as support money for the child; that defendant have all the household furniture and effects for the purpose of establishing a home for herself and the minor child to the absolute exclusion of plaintiff; that plaintiff pay defendant's attorney $100 as temporary attorney's fees and $10 costs; and that plaintiff be restrained from in any way molesting or interfering with defendant or their minor child or from damaging or destroying any of the household furniture.

On July 1, 1949, on motion and affidavit of plaintiff and on all the files therein, the court issued an order requiring defendant to show cause why the order previously issued should not be revised and amended. That order stayed all matters until the hearing and

determination of the motion and order to show cause. The matter was set for hearing on that order for July 8, 1949, but was continued until July 15, 1949. Plaintiff's motion therein stated that he would move the court for an order amending the order of June 28, 1949, by giving sole custody of the minor child of the parties to plaintiff; by reducing temporary attorney's fees from $100 to $50; and by eliminating the restraints imposed upon plaintiff. On July 15, the court denied plaintiff's motion in all respects, discharged the order to show cause, and vacated the stay granted in the order to show cause. The order stated that attorneys of record for plaintiff and defendant appeared at the July 8 hearing, which was continued to July 15, at which time there was no appearance on the part of plaintiff in support of his motion.

Following this order, upon motion of plaintiff and on the affidavits attached, together with all the files therein, the court issued another order on September 3, 1949, requiring defendant to show cause why plaintiff's complaint should not be supplemented, as set out in his motion, by adding paragraph 5, alleging that about 1 a.m. on August 21, 1949, defendant and a man not her husband registered at a Minneapolis hotel as man and wife, where they took a room and occupied it, and requiring defendant to show cause why the court orders theretofore made in the proceedings should not be amended, revised, and vacated. That order stayed all proceedings until the hearing and determination of the order to show cause. In connection with his motion, plaintiff furnished affidavits giving reasons why he was not represented by counsel at the hearing on July 15, moved to vacate the order of that date, and again moved to reduce the attorney's fees; to vacate the custody order; for an order giving custody of the child to plaintiff; to vacate the restraining order; and to vacate the order allowing alimony to defendant. (The record shows no order allowing alimony to defendant, but only support money for the child.)

On October 11, 1949, the court made an order denying the motion in all respects, saying in its memorandum, made a part of the order:

"The foregoing order is made on the merits of this motion, although, in view of a previous order to the same effect, signed by the Hon. Paul S. Carroll, of date July 15, 1949, and filed herein on the same day, this Court could have refused to hear the matter and allow it to rest on the previous order of Judge Carroll. Rather than send the matter back to Judge Carroll or refuse to hear it, this Court has made the foregoing order that the matter may be definitely settled without being further tossed around between the different judges in this Court."

Plaintiff appealed from the order of October 11, 1949.

■ Although defendant did not move for a dismissal of this appeal on the ground that the order appealed from is not an appealable order, it is our opinion that it is not an appealable order and that the appeal should be dismissed.

"Where an appeal is taken from a non-appealable order or judgment, it will be dismissed by the court, notwithstanding the failure of the respondent to move for a dismissal." 1 Dunnell, Dig. & Supp. § 465, and cases cited in note.

■ The original order involved herein was the one dated June 28, 1949, granting defendant custody of the minor child of the parties *pendente lite;* granting support money for the child, the use of the household furniture and effects during the pendency of the action, and attorney's fees; and restraining plaintiff from interfering. No appeal was taken from that order within the statutory time, as provided by M. S. A. 605.08, but, even though there had been, only that part of the order pertaining to the application for monetary relief *pendente lite* was appealable. The part of the order concerning custody of the minor child during the pendency of the action was not appealable. Brunn v. Brunn, 166 Minn. 283, 207 N. W. 616.

The court denied plaintiff's motion in all respects in its order of July 15, 1949, and again denied plaintiff's motion for an order amending or vacating previous orders in its order of October 11, 1949, the one appealed from herein.

An order of the district court denying a motion to vacate a prior order of the court is not an appealable order when it appears from the record that the original order was a final one and that it was not appealed from within the time limited by statute. Barrett v. Smith, 183 Minn. 431, 237 N. W. 15; Kolb v. City of Minneapolis, 229 Minn. 483, 40 N. W. (2d) 619; Bennett v. Johnson, 230 Minn. 404, 42 N. W. (2d) 44.

■ That part of the court's order of October 11, 1949, pertaining to plaintiff's motion to file a proposed supplemental paragraph to his complaint was not appealable, since the original divorce action had never been tried on its merits and the order was made before judgment. Hanley v. Board of Co. Commrs. 87 Minn. 209, 91 N. W. 756; Stromme v. Rieck, 110 Minn. 472, 125 N. W. 1021; Itasca Cedar & Tie Co. v. McKinley, 129 Minn. 536, 152 N. W. 653; Swanson v. Alworth, 157 Minn. 312, 196 N. W. 260.

Appeal dismissed.

MR. JUSTICE THEODORE CHRISTIANSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.