**METROPOLITAN SHEET METAL JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND, Relator,**

v.

**COUNTY OF RAMSEY, Respondent.**

No. A12–0323.

Supreme Court of Minnesota.

July 3, 2013.

Carl S. Wosmek, Corey J. Ayling, Kathleen M. Brennan, McGrann Shea Carnival Straughn & Lamb, Chartered, Minneapolis, MN, for relator.

John Choi, Ramsey County Attorney, M. Jean Stepan, Assistant Ramsey County Attorney, Saint Paul, MN, for respondent.

OPINION

GILDEA, Chief Justice.

The central question presented in this case is whether the taxpayer's property is exempt from taxation. The tax court has not yet decided that question. The case nevertheless is before our court on certiorari review of the tax court's decision to deny a motion to amend or supplement the taxpayer's petition. Because we conclude

that we lack jurisdiction, we dismiss the writ of certiorari.

The taxpayer, Metropolitan Sheet Metal Journeyman and Apprentice Training Trust Fund ("Trust Fund"), is a multi-employer fringe benefit plan. In 1998, the Trust Fund purchased property located in Ramsey County ("County") that it contends has since been used "solely as a training facility for sheet metal apprentices and journeypersons, according to the apprenticeship standards in the trade." The Trust Fund is the only occupant of the property and is the primary funding source for the apprenticeship program.

When it purchased the property, the Trust Fund sought an exemption from taxation for the property arguing that the property was a "seminar[y] of learning" and therefore exempt under Minn.Stat. § 272.02, subd. 5 (2012).[1] The County allowed an exemption from 1999 to 2005. But in 2005, the County determined that the property was no longer exempt and assessed the property. On April 27, 2006, the Trust Fund filed a petition under Minn.Stat. ch. 278 (2012), challenging the 2005 assessment ("2005 petition"). The Trust Fund argued in the 2005 petition that the property was "exempt from taxation."

The Trust Fund and the County voluntarily suspended the tax court proceedings on the 2005 petition when they learned of possible legislative amendments to the statutory exemptions for apprenticeship training facilities. In the meantime, the Trust Fund paid the assessed taxes on the property for the 2006 and 2007 tax years. The statute was in fact amended, effective for taxes payable in 2009 and 2010, to provide an exemption for "[a]pprenticeship training facilities." *See* Act of Mar. 7,

2008, ch. 154, art. 2, § 4, subd. 86, 2008 Minn. Laws 69, 79; Act of May 16, 2009, ch. 88, art. 2, § 6, 2009 Minn. Laws 1081, 1162 (codified as amended at Minn.Stat. § 272.02, subd. 86 (2012)). The Trust Fund and the County thereafter attempted to settle the claim raised in the 2005 petition but were not successful, apparently due to the parties' disagreement as to the proposed settlement's impact on the 2006 and 2007 tax years.

On April 29, 2009, the Trust Fund filed a second petition, asserting that its property was exempt for the 2008 tax year ("2008 petition"). As part of the 2008 petition, the Trust Fund attached property tax statements for the 2006, 2007, and 2008 tax years. The Trust Fund argued that the 2008 petition was "a continuation of" the 2005 petition. The parties thereafter revived the 2005 petition and consolidated it with the 2008 petition into one case before the tax court.

On October 4, 2011, the Trust Fund filed a motion pursuant to Minn. R. Civ. P. 15 to amend or supplement its 2005 and 2008 petitions to include claims that its property was exempt for the 2006 and 2007 tax years. The tax court denied the motion "[b]ecause petitions for 2006 and 2007 would be new cases, not amendments or supplements ... and because new petitions would be untimely." The tax court cited Minn.Stat. § 278.01, subd. 1(c) to support its determination that claims based on the 2006 and 2007 tax years were untimely. Under this statute, claims must be filed "on or before April 30 of the year in which the tax becomes payable." *Id.* The tax court also relied on Minn.Stat. § 278.02, which provides that "[n]o petition

---

**1.** In this statute, the Legislature lists property that is "exempt from taxation." Minn.Stat. § 272.02, subd. 1 (2012).

shall include more than one assessment date."

The Trust Fund filed a petition for writ of certiorari with our court seeking appellate review of the tax court's decision to deny its motion to amend or supplement the 2005 and 2008 petitions. We then directed the parties to address our jurisdiction over the Trust Fund's petition in light of *Beuning Family LP v. County of Stearns*, 817 N.W.2d 122 (Minn.2012). Because we conclude that we lack jurisdiction over the Trust Fund's petition, we dismiss the writ of certiorari without reaching the merits of the Trust Fund's claims.

## I.

■ We turn first to the Trust Fund's argument that the tax court's order is immediately appealable as a "final order" under Minn.Stat. § 271.10, subd. 1 (2012).[2] Minnesota Statutes § 271.10 (2012), which governs our jurisdiction over appeals from the tax court, states that "[a] review of any *final order* of the Tax Court may be had upon certiorari by the Supreme Court upon petition of any party to the proceedings before the Tax Court." *Id.*, subd. 1 (emphasis added).

In *Beuning*, we explained the type of order that is a "final order" under section 271.10, subdivision 1. 817 N.W.2d at 125–28. *Beuning* involved the county's appeal from the tax court's order denying the county's motion for partial summary judgment. *Id.* at 124–25. The county argued that the tax court's order was "final" and therefore immediately appealable to our court. *Id.* at 125–26. We disagreed. *Id.* at 125–28. Quoting Minn.Stat. § 271.08, subd. 1 (2012), which requires the tax

court to "determine every appeal," we concluded that a final order must "determine" a relator's appeal. 817 N.W.2d at 126. Our jurisdiction to review a tax court order therefore is properly invoked only if the tax court's decision finally adjudicates "some legal rights" of the parties and the process of administrative decision-making reaches "a stage where judicial review [does] not disrupt the orderly process of adjudication." *Id.* (citation omitted) (internal quotation marks omitted). Because the order at issue in *Beuning* "determine[d] only that the tax court [had] statutory authority to address [the relator's] appeal," it did not finally determine the relator's appeal. *Id.* at 126, 128. Accordingly, we held that we lacked jurisdiction over the appeal. *Id.* at 128.

The Trust Fund argues that the denial of its motion to amend or supplement the 2005 and 2008 petitions is a final order under *Beuning* because through this order the tax court finally determined the Trust Fund's rights for the 2006 and 2007 tax years. In other words, the Trust Fund argues that the tax court's order effectively decides that the Trust Fund is not entitled to relief for its claims based on the 2006 and 2007 tax years. Because the Trust Fund can no longer pursue exemption claims for the 2006 and 2007 tax years, the Trust Fund contends that the tax court's order is "final" for purposes of section 271.10. We disagree.

The tax court has not yet addressed, let alone decided, the "legal right" the Trust Fund asserts—an exemption based on the status of its property as a "seminar[y] of learning." *See* Minn.Stat. § 272.02, subd. 5 (listing "seminaries of learning" as tax-

**2.** The Trust Fund initially argued four separate sources for appellate jurisdiction. But the Trust Fund concedes that two of the four grounds on which it originally relied to invoke our jurisdiction—treating the tax court's

order as an interlocutory jurisdictional order or a collateral order subject to immediate review—are no longer available in light of our decision in *Beuning*, 817 N.W.2d at 125–30.

exempt properties). Under our analysis in *Beuning*, the tax court's order on the motion therefore is not a "final" one at this stage of the proceedings. Similar to *Beuning*, where the tax court merely determined that the county's denial of the refund claim was properly before the court, the order in this case simply determined that the only years properly before the court were the 2005 and 2008 tax years. *See* 817 N.W.2d at 126. Even if the tax court incorrectly denied the motion to amend, the fact remains that the parties' legal rights have not been determined or adjudicated because the tax court has not yet addressed the substantive issues raised by the Trust Fund's exemption claim.

Moreover, appellate review of the tax court's decision at this stage raises the possibility that our court might be compelled to examine the merits of the proposed amended claim. *See Voicestream Minneapolis, Inc. v. RPC Props., Inc.*, 743 N.W.2d 267, 272 (Minn.2008) (noting that a motion to amend is properly denied "when the additional claim could not survive summary judgment"). But the tax court, not this court, is the proper forum for the merits of claims involving Minnesota's tax laws to be decided in the first instance. *See* Minn.Stat. § 271.01, subd. 5 (2012) ("Except for an appeal to the supreme court or any other appeal allowed under this subdivision, the Tax Court shall be the sole, exclusive, and final authority for the hearing and determination of all questions of law and fact arising under the tax laws of the state."). And, as we noted in *Beuning*, the taxpayer "must ... exhaust[ ] all of the taxpayer's administrative remedies" prior to seeking appellate judicial review. 817 N.W.2d at 128. To conclude, as the Trust Fund does, that the tax court's order is reviewable as a "final order" undermines the process the Legislature has designed

for the resolution of claims arising under the tax laws.

Our precedent addressing when an appeal can be taken from a district court order disposing of a motion to amend or supplement a complaint also confirms the conclusion that the tax court's order denying the motion to amend or supplement is not immediately appealable as a final order. For example, in *Hanley v. Board of County Commissioners of Cass County*, the plaintiff in an election contest sought leave to amend his complaint almost 3 months after he filed the action. 87 Minn. 209, 210, 91 N.W. 756, 757 (1902). The district court denied the motion because it was untimely as a matter of law. *Id.* Noting that the "general rule is that no appeal lies from an order granting or denying a motion to amend a pleading," we concluded that a pretrial order denying a motion to amend "can only be reviewed on an appeal from the judgment." *Id.* at 210–11, 91 N.W. at 757. Similarly, in *Burkholder v. Burkholder*, we held that an order denying a motion to file a supplemental paragraph to the original complaint was not appealable because "the original ... action had never been tried on its merits and the order was made before judgment." 231 Minn. 285, 289, 43 N.W.2d 801, 803 (1950); *see also Itasca Cedar & Tie Co. v. McKinley*, 129 Minn. 536, 537, 152 N.W. 653, 653 (1915) ("It is well settled that ... an order [denying leave to amend], made before judgment, is not appealable."); *Stromme v. Rieck*, 110 Minn. 472, 473, 125 N.W. 1021, 1021 (1910) ("If [an order granting leave to file and serve a supplemental complaint] is made before judgment, it may be reviewed on appeal from the judgment ... but no appeal lies from such order made before judgment.").

Consistent with these decisions, the denial of a motion to amend or supplement is not appealable as a final order. Our prec-

edent recognizes instead that an appeal from the denial of a motion to amend is properly taken at the conclusion of proceedings in the lower court. *See, e.g., Rosenberg v. Heritage Renovations, LLC,* 685 N.W.2d 320, 332 (Minn.2004) (analyzing whether the district court abused its discretion when it denied a motion to amend a complaint after summary judgment was granted); *Wessin v. Archives Corp.,* 592 N.W.2d 460, 467–68 (Minn.1999) (analyzing whether the district court abused its discretion when it denied a motion to amend a complaint after judgment was granted on the pleadings). The same process should apply to appeals from tax court orders denying motions to amend or supplement a petition.

For all of these reasons, we hold that the tax court's order denying the Trust Fund's motion to amend or supplement the 2005 and 2008 petitions is not reviewable as a final order under section 271.10.

## II.

■ We turn next to the question of whether we have jurisdiction to review the tax court's order under Minn. R. Civ.App. P. 105.01. Rule 105.01 states that "[u]pon the petition of a party, in the interests of justice ... the Supreme Court may allow an appeal from an order of the Tax Court ... not otherwise appealable pursuant to Rule 116 or governing statute." Both parties urge us to permit discretionary review of the tax court's order "in the interests of justice." We decline the parties' invitation.

■ We have not previously considered whether to exercise discretionary review under Rule 105.01 over a tax court order. But we have applied Rule 105.01 outside the context of the tax court. We have said that "a compelling reason for [an] immedi-

ate appeal" may support an exercise of discretionary review under Rule 105.01. *Gordon v. Microsoft Corp.,* 645 N.W.2d 393, 398 (Minn.2002). The general rules applicable to appellate jurisdiction are also relevant to the decision to exercise discretionary review, such as the disfavor of interlocutory appeals, the policy of avoiding piecemeal appeals that disrupt and delay litigation, and the requirement for a final order. *Id.* at 398, 403. We have also refused to exercise discretionary review under Rule 105.01 when judicial economy is served by the completion of proceedings in the lower court. *Kokesh v. City of Hopkins,* 307 Minn. 159, 162, 238 N.W.2d 882, 884 (1976); *see also Miyoi v. Gold Bond Stamp Co. Emps. Ret. Trust,* 293 Minn. 376, 378, 196 N.W.2d 309, 310 (1972) (denying discretionary review under Rule 105.01 when the lower court order did not expose the appellant to irreparable damage). Applying these principles here, we conclude that it is not in the interests of justice for us to exercise discretionary review of the tax court's order.

The parties articulate no "compelling" reason why an immediate appeal is required in this case. *Gordon,* 645 N.W.2d at 398. To the contrary, allowing the tax court to resolve the merits of the Trust Fund's exemption claim avoids piecemeal litigation and best serves the interest of judicial economy. As set forth above, the Trust Fund can pursue appellate review of the denial of its motion to amend or supplement at the conclusion of proceedings in the tax court. Because this is not a case in which allowing the tax court proceedings to conclude impairs the Trust Fund's legal rights, and we otherwise discern no compelling reason to exercise discretionary jurisdiction, we decline to exercise jurisdiction under Minn. R. Civ.App. P. 105.01.[3] *Beuning,* 817 N.W.2d at 128.

**3.** The County argues that we should accept

discretionary review to address the "funda-

Because we conclude that the tax court's denial of the Trust Fund's motion to amend or supplement the 2005 and 2008 petitions is not immediately reviewable by certiorari either as a "final order" under Minn.Stat. § 271.10 or "in the interests of justice" under Minn. R. Civ.App. P. 105.01, we dismiss the writ of certiorari.[4]

Writ of certiorari dismissed.

LILLEHAUG, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

---

mental issue of the subject matter jurisdiction of the Tax Court." The Trust Fund argues that the "important separation of powers issues" presented by its appeal "merit review in the interests of justice." Neither party has explained, however, why these important issues cannot be addressed at the conclusion of the tax court proceedings on the 2005 and 2008 petitions in the context of a final order of the tax court that adjudicates the merits of the substantive issues presented in this case.

4. On May 16, 2012, the County filed a motion to strike "all argument[s] regarding [the] separation of powers" from the Trust Fund's reply brief. We filed an order on May 29, 2012, deferring the motion until this appeal was considered on the merits. In light of our holding that we lack jurisdiction to hear this appeal, the County's motion to strike portions of the Trust Fund's reply brief is denied as moot.